[Crim. No. 15359. First Dist., Div. One. Feb. 10, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD OGLESBY, Defendant and Appellant.

**COUNSEL**

Michael R. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—This appeal concerns the so-called Mentally Disordered Sex Offenders Act (hereafter sometimes the Act), which is found in Welfare and Institutions Code sections 6300-6330. Further statutory references, unless otherwise noted, will be to the Act as found in that code.

Defendant Oglesby was charged in the superior court with robbery while armed with a deadly weapon (Pen. Code, § 211a), assault with intent to commit rape (Pen. Code, § 220), and assault with a deadly

weapon (Pen. Code, § 245, subd. (a)). In the course of a plea bargain he pleaded guilty to the charge of assault with intent to commit rape. A condition of the bargain, as stipulated by Oglesby, was that the other charges would be dismissed, and "that criminal proceedings be suspended pursuant to Section 6300 of the Welfare and Institutions Code; if Defendant amenable to treatment, charges in MCR 1356 not be refiled; if not amenable to treatment Defendant be permitted to withdraw plea, at which time the District Attorney may refile charges in this matter and MCR 1356 . . . ."

The following order was thereafter made: "The Court finds the defendant is a Mentally Disordered Sex Offender, and further that he could benefit by treatment in a state hospital. It is the Order of the Court that defendant be committed to the Department of Mental Hygiene, pursuant to Welfare and Institutions Code Section 6316 for placement in a state hospital for an indeterminate period."[1]

About 30 months later, pursuant to section 6325, Oglesby was returned by the state hospital to the court as a mentally disordered sex offender who (1) had not recovered, (2) would not benefit by further care and treatment in the hospital, and (3) was a danger to the health and safety of others. He was thereupon sentenced to state prison on his conviction of assault with intent to commit rape, with credit for the time he had served in the state hospital.

On his appeal Oglesby appears to assert a right (he certainly expresses the desire) to continued status as a mentally disordered sex offender committed to a state hospital for care and treatment. He contends that upon his return to the committing court he was constitutionally entitled to a jury's determination whether he would benefit by further care and treatment in a state hospital. And if the jury should have so found he insists upon a right to a continuation of such care and treatment.[2] He places his reliance on two recent decisions of the state's high court, *People* v. *Burnick* (1975) 14 Cal.3d 306 [121 Cal.Rptr. 488, 535 P.2d 352], and *People* v. *Feagley* (1975) 14 Cal.3d 338 [121 Cal.Rptr. 509, 535 P.2d 373].

---

[1]An accused may resist such proceedings, and is entitled to a jury trial of the relevant factual issues. (See § 6318.) But here a jury was waived, the proceedings and the resulting commitment being requested by Oglesby.

[2]Oglesby makes no request, or contention, that he should be permitted to withdraw his guilty plea, thus enabling the district attorney to "refile charges in this matter and MCR 1356," according to the plea bargain.

For the reasons which we now state, we find Oglesby's contention to be without merit.

The Act's obvious purpose is to protect the public from the violent propensities of certain mentally disordered sex offenders who are convicted of crime, by confining them during such period as they continue to be a danger to society, and by care and treatment calculated to eliminate their antisocial compulsions. (See *People* v. *Feagley, supra,* 14 Cal.3d 338, 361; *Thurmond* v. *Superior Court* (1957) 49 Cal.2d 17, 20 [314 P.2d 6]; *People* v. *Rancier* (1966) 240 Cal.App.2d 579, 581 [49 Cal.Rptr. 876].) But the Act neither excuses nor mitigates an offender's criminal conduct. Although committed as a mentally disordered sex offender, he may nevertheless be held penally responsible for the crime of which he was convicted. "When the proceedings relating to commitment as a mentally disordered sex offender have run their course, the criminal case may be resumed and sentence imposed." (*In re Bevill* (1968) 68 Cal.2d 854, 858 [69 Cal.Rptr. 599, 442 P.2d 679].) In such an event he will have credited upon his sentence the time he has spent under his mentally disordered sex offender commitment. (§ 6325.)

Even though determined to be a "mentally disordered sex offender [who] could benefit by treatment in a state hospital, or other mental health facility," the person is given no "right" to such treatment by the Act. (See *People* v. *Schaletzke* (1966) 239 Cal.App.2d 881, 886-887 [49 Cal.Rptr. 275]; *People* v. *Bachman* (1955) 130 Cal.App.2d 445, 449-450 [279 P.2d 77].) In the initial proceedings the committing court "in its discretion has the alternative to return the person to the criminal court for [sentence or other] disposition, or may make an order committing the person . . . for placement in a state hospital [or another appropriate facility] for an indeterminate period . . . ." (§ 6316.)

The committing court's power is substantially the same where the person has been returned (as was Oglesby in the case at bench) to the court, certified by the hospital facility's superintendent as not recovered, nor amenable to further care and treatment, and still a danger to the health and safety of others. (See § 6325.) In that event the committing court will certify him to the criminal court for sentence or other action with reference to the charge of which he was convicted. (Ordinarily in felony cases the "committing" court and "criminal" court are the same.)

The criminal court then shall "impose sentence *or* make such other disposition" (italics added) as is proper. Among such other dispositions, the criminal court, "if satisfied that the person has not recovered from his mental disorder and is still a danger to the health and safety of others," *may* reinstitute mentally disordered sex offender proceedings. (§ 6326.)

In *People* v. *Burnick, supra,* 14 Cal.3d 306, and *People* v. *Feagley, supra,* 14 Cal.3d 338, upon which Oglesby places his reliance, the court was concerned with a portion of the Act *with which we are not here concerned.* Profound constitutional inadequacies were there found.

As pointed out, under section 6316 (relating to the original mentally disordered sex offender proceedings) and section 6326 (concerning later remand to the committing court), the committing court may, as was done here under the latter section, return the person to the "criminal court" for sentence on his conviction. *Burnick* and *Feagley* found no fault with that procedure, for in such a case the offender is simply sentenced, according to law, upon his conviction.

But under the same statutes (§§ 6316, 6326) the court was given alternative discretion. In the exercise of such discretion the offender, found to continue to be "a mentally disordered sex offender [who] would not benefit by care or treatment," could be recommitted to the State Department of Health for placement "for an *indeterminate period*" (italics added) with a "state institution or institutional unit," inside state prison grounds where he would be subject to customary prison restraint and discipline. The result was often inhumane, and perhaps even absurd as in the case of Burnick and Feagley; each of those offenders who were convicted of misdemeanors had been committed to such a "state institution or institutional unit" for an indefinite term which, but for *Burnick* and *Feagley,* could have been and probably would have been, his lifetime. The high court held in *Burnick* and *Feagley* that before an indefinite commitment under such proceedings (as distinguished from renewed criminal proceedings), persons are "entitled to" the procedural safeguards erected by the California Constitution against the erroneous infliction of such indefinite incarceration. An important procedural safeguard, it was held, was the right to a jury trial on the question whether the person continues to be "a mentally disordered sex offender [who] could not 'benefit by treatment in a state hospital.' " (*Feagley,* 14 Cal.3d, p. 347.) Such a jury verdict must be unanimous (*Feagley,* 14

Cal.3d p. 352), and the proof must be established "beyond a reasonable doubt" *(Burnick,* 14 Cal.3d, p. 332).[3]

In the case at bench Oglesby was, as indicated, found by the state hospital staff to be unamenable to treatment as a mentally disordered sex offender. He was thereafter, as permitted by section 6326, sentenced by the criminal court on his underlying conviction of assault with intent to commit rape. Neither the Act, nor *Burnick,* nor *Feagley,* bestowed upon him a right to a jury determination of the correctness of the hospital staff's report before he might be sentenced for his crime. Indeed, *Feagley* expressly approved the Act's provision (§ 6326) that "[i]f the offender is found to be unamenable to treatment," the person be " 'returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge. Such court shall resume the proceedings and *shall impose sentence* or make such other suitable disposition of the case as the court deems necessary.' " (Italics added; *Feagley,* 14 Cal.3d, p. 376.)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

---

[3]The *Feagley* court thereafter extended these rules to provide that consistent with state and federal constitutional guaranties, even with a jury trial and proof beyond a reasonable doubt, "the state may not involuntarily confine a civilly committed mentally disordered sex offender [commitments under the Act are deemed "special proceedings of a civil nature"; see *People* v. *Succop* (1967) 67 Cal.2d 785, 789 [63 Cal.Rptr. 569, 433 P.2d 473] (cert. den., 390 U.S. 983 [19 L.Ed.2d 1281, 88 S.Ct. 1104])] for *an indefinite period in a prison setting.*" (Italics added; *Feagley,* 14 Cal.3d, p. 376.)