[Crim. No. 11890. Fourth Dist., Div. One. Feb. 25, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO O. PRECIADO, Defendant and Appellant.

**COUNSEL**

Jeffrey K. Jayson, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Michael D. Wellington and Bruce Daniel Rosen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Antonio Preciado pleaded guilty to three counts of rape (Pen. Code, § 261, subd. 2) enhanced for using a knife (Pen. Code, § 12022.3, subd. (a)), two counts of forcible oral copulation (Pen. Code, § 288a, subd. (c)), and attempted rape (Pen. Code, §§ 664, 261). Criminal proceedings were adjourned to determine whether Preciado was a mentally disordered sex offender (MDSO) under Welfare and Institutions Code section 6300 et seq. The court found Preciado was an MDSO who could benefit from treatment in a state hospital, but returned him to the criminal court for sentencing because of the violence of his crimes and the lengthy minimum prison sentence he would be required to serve. The court sentenced Preciado to 33 years in prison. Preciado appeals.

■ Preciado unmeritoriously contends the court abused its discretion under Welfare and Institutions Code section 6316 by not sending him to a state hospital. Even though the court determined Preciado was an MDSO who could benefit from treatment, he had no "right" to

treatment in a state hospital, and the court could properly return him to the criminal court for sentencing (*People* v. *Oglesby* (1977) 67 Cal. App.3d 34, 38 [135 Cal.Rptr. 640]). The court could reasonably find hospital commitment would be futile because Preciado would still have to serve a lengthy prison term after receiving treatment. Moreover, treatment would be available within the more secure state prison system. The court did not abuse its discretion in returning Preciado to the criminal court for sentencing.

■ As required by Penal Code section 667.6, subdivision (d), the court sentenced Preciado to a full, separate, and consecutive prison term for each rape. Preciado contends imposing mandatory consecutive sentences on him violates the constitutional prohibition against cruel and unusual punishment because a trial judge would have discretion to sentence a person convicted of multiple murders, a more serious offense than rape, to consecutive or concurrent terms. Punishment is not cruel and unusual, however, merely because the Legislature may have chosen to impose lesser punishment for another crime. "[L]eniency as to one charge does not transform a reasonable punishment into one that is cruel and unusual." (*People* v. *Gayther* (1980) 110 Cal.App.3d 79, 89 [167 Cal.Rptr. 700].) Moreover, punishment is cruel and unusual only where the penalty is "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921].) Here Preciado committed multiple violent rapes. By requiring a full, separate, and consecutive term for each rape, Penal Code section 667.6, subdivision (d) attempts to "provide increased punishment in cases of greater culpability based upon injury to the victims and society." (*People* v. *Hughes* (1980) 112 Cal.App.3d 452, 462 [169 Cal.Rptr. 364].) The severity of Preciado's sentence is directly proportionate to the number and violence of his crimes. Mandatory imposition of consecutive sentences for multiple violent rapes does not constitute cruel and unusual punishment.

■ Preciado unmeritoriously contends Penal Code section 667.6, subdivision (d) violates his constitutional right to equal protection of the law by requiring consecutive terms for multiple violent rapes while persons convicted of other multiple crimes may receive concurrent sentences. Equal protection does not require persons convicted of different crimes be treated equally (*People* v. *Hughes, supra*, 112 Cal.App.3d 452, 459). Moreover, Penal Code section 667.6, subdivision (d) does not "establish a classification which treats a similarly situated group in

disparate ways." (*People* v. *Gayther, supra,* 110 Cal.App.3d 79, 91.) All persons convicted of multiple violent rapes are treated the same; they must all serve a full, separate, and consecutive prison term for each offense. Mandatory imposition of consecutive sentences for multiple violent rapes does not violate equal protection.

The judgment is affirmed.

Cologne, J., and Todd (W. L.), J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1981.

---

*Assigned by the Chairperson of the Judicial Council.