[No. F029571. Fifth Dist. Apr. 26, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDY JIMENEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Andrew Cappelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Carlos A. Martinez and Virna L. DePaul, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUCKLEY, J.**—Defendant Rudy Jimenez was convicted after a jury trial of two counts of violating subdivision (a)(3) of Penal Code section 269[1] and of violating section 288, subdivision (a) (forcible sodomy with a person under the age of 14 and more than 10 years younger than the accused, and lewd and lascivious conduct upon a child under the age of 14). He was sentenced to consecutive terms of 15 years to life imprisonment for the sodomy counts; a concurrent six-year term was imposed for the section 288 offense.

Defendant argues that the sentencing court erred by concluding as a matter of law that it was required to sentence him to serve the terms imposed for the sodomy counts consecutively pursuant to section 667.6, subdivision (d). He is wrong. Section 667.6 applies to section 269 convictions where the defendant has also been convicted of multiple offenses or the crimes involve multiple victims. We also reject defendant's characterization of section 269 as an alternative sentencing scheme. The two statutes serve different objectives and are cumulative, not alternative, to each other. Accordingly, we will affirm.

FACTS[2]

Defendant ran a residential reform ministry in his home. In April or May of 1996, Richard, then 12 years old, came to live with defendant. Richard's

---

[1]Unless otherwise noted, all statutory references are to the Penal Code.

[2]Since defendant does not challenge the sufficiency of the evidence supporting the convictions and no error necessitating a prejudice analysis appears, detailed recitation of the facts is unnecessary. Also, locations have been omitted to protect the victim's privacy.

mother had voluntarily placed him in defendant's care in an effort to extricate him from the criminal street gang with which he was affiliated and to improve his performance at school.

On numerous occasions during the next few months, defendant sodomized Richard while the boy was asleep. Richard would wake up in pain; his anal area would be wet and/or bleeding. Occasionally he would wake up to find semen on his back or near his penis. Richard once woke up while being sodomized and yelled at the defendant. On another occasion, Richard woke up and saw an open diaper on the dresser. Defendant laughed and told Richard that he had put the diaper on him.[3] Defendant also photographed Richard's genitals while the boy was urinating.

On September 18, 1996, Richard went to the local sheriff's department and told a deputy that defendant had been molesting him. During an interview with the police later that day, defendant admitted he could have molested Richard while he was possessed by demons and said that demons also may have caused Richard to sodomize him. Defendant estimated there was an eight-out-of-ten chance that demons had possessed them both and caused them to sodomize each other against their wills. Defendant also admitted giving Richard body massages and said it was possible he had touched Richard's penis during the massages.

Richard underwent a physical examination, the results of which were consistent with his having been sodomized.

During telephone conversations with two people who knew defendant, he told them that demons had been causing Richard and him to sodomize each other.

Defendant testified on his own behalf, denying that any sexual acts had occurred or that he had admitted such acts in a telephone conversation. He believes Richard made the false allegations because he wished to return home and "wanted attention from his mother." Other defense witnesses testified to defendant's good character, Richard's dislike of defendant and his desire to return home.

---

[3] It seems unlikely that a person could sleep through such painful and humiliating events. However, Richard speculated that he may have been given sleeping pills. Two packets of sleeping tablets were found in defendant's home, and Richard testified defendant would sometimes give him "vitamins." From this evidence it can reasonably be inferred that defendant drugged Richard so he could perform various unnatural acts on the boy without resistance.

## DISCUSSION

### I. The trial court did not err by ordering the terms imposed for the sodomy counts to run consecutively.

██ Defendant filed a written brief prior to sentencing in which he argued that section 667.6, subdivision (d)[4] was inapplicable because he had been convicted of violating section 269, not section 286. Therefore, the court had discretion to sentence him to concurrent terms for the sodomy counts. The trial court rejected this argument at the sentencing hearing, finding that section 667.6, subdivision (d) applied to violations of section 269, subdivision (a)(3)[5] because violation of section 286 and force or fear of injury are necessary elements of the offense. Accordingly, the court ordered the two 15-year-to-life imprisonment terms imposed for the sodomy counts to be served consecutively.

On appeal, defendant reiterates the argument first raised below and further asserts that even if violation of section 269 falls within the ambit of section 667.6, subdivision (d), by enacting section 269, the Legislature adopted a separate sentencing scheme for defendants who have committed forcible sodomy on a child under age 14 and who is 10 or more years younger than the defendant. As we shall explain, neither contention is persuasive; the sentencing court was correct in both its reasoning and its conclusion.

██ The applicable rules of statutory construction are well known: "Familiar canons of statutory construction require that, in construing a statute, a court ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining that intent, we consider the statute read as a whole, harmonizing the various elements by considering each clause and section in the context of the overall statutory framework. [Citations.] We must select the construction that comports most closely with the apparent intent of the

---

[4]Subdivision (d) of section 667.6 provides, in relevant part: "A full, separate, and consecutive term shall be served for each violation of . . . sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person if the crimes involve separate victims or involve the same victim on separate occasions."

[5]Defendant was convicted of violating section 269, subdivision (a)(3), which provides, in relevant part:

"(a) Any person who commits any of the following acts upon a child who is under 14 years of age and 10 or more years younger than the person is guilty of aggravated sexual assault of a child: [¶] . . . [¶]

"(3) Sodomy, in violation of Section 286, when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."

Subdivision (b) of section 269 provides that any person who violates this section shall be punished by imprisonment for 15 years to life.

Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].)

 Section 667.6 was enacted in 1979 (Stats. 1979, ch. 944, § 10, p. 3258); section 269 followed in 1994 (Stats. 1994, ch. 878, § 1). **(3)** In enacting subsequent statutes, the Legislature is presumed to be aware of existing statutes and judicial decisions. (*Ezzy v. Workers' Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252, 261, fn. 4 [194 Cal.Rptr. 90].)

 Section 667.6 and section 269 serve two different objectives. Subdivision (d) of section 667.6 aggravates sex offenses involving multiple victims or multiple offenses. It was intended by the Legislature to provide increased punishment for cases where defendant's culpability is increased by the "number and violence of his crimes." (*People v. Preciado* (1981) 116 Cal.App.3d 409, 412 [172 Cal.Rptr. 107].) Section 269 was enacted for a different purpose. It increases the penalties for enumerated sexual offenses where the victim is under 14 years of age and the perpetrator is more than 10 years older than the victim. Thus, the Legislature intended to aggravate punishment for forcible sexual offenses where the defendant's culpability is increased by a substantial age disparity.

Defendant correctly points out that section 667.6, subdivision (d) does not explicitly provide that it applies to violations of section 269. However, he makes too much of this omission, ignoring the fact that violation of section 286 is one of the predicate offenses of section 269; one committing a forcible sodomy offense with the prescribed age disparity violates section 269. When the jury found defendant had violated section 269 under the circumstances presented here, it necessarily found he had violated section 286 and he had done so by force or fear. Thus, the factual predicate necessary to apply section 667.6, subdivision (d) was proved beyond a reasonable doubt.

It would be irrational to suppose the Legislature intended that criminals who commit multiple violent sexual offenses would be exempt from the aggravated punishment prescribed by section 667.6 merely because their victims happened to be children under age 14 who were 10 or more years younger than they. Defendant does not proffer any decisional or historical support for his assertion that by enacting section 269 the Legislature created a separate sentencing scheme for violent sexual offenders who prey on a particular class of victims. He fails to account for the fact that characterization of section 269 as such would work to the advantage of pedophiles by

exempting them from the additional penalties that would ordinarily result when they commit multiple offenses or prey upon more than one victim.

In sum, we agree with respondent that section 667.6, subdivision (d) and section 269 are cumulative, not alternative, to each other. Defendant here was rightfully subject to enhanced penalties for two different reasons, the first being the disparity in age and the second being the multiplicity of offenses. The Legislature has deemed each of these circumstances sufficiently serious to warrant aggravated punishment; we agree.

II. *Ineffective assistance of counsel.* *

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Ardaiz, P. J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 9, 2000. Kennard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 286.