[No. A134793. First Dist., Div. Four. Dec. 27, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL SCHOOP, Defendant and Appellant.

**COUNSEL**

Bruce W. Nickerson for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BASKIN, J.**[*]—Defendant was ordered to register as a sex offender after he pleaded no contest to a violation of Penal Code section 311.1[1] in connection with his possession of pornography. He later sought a certificate of rehabilitation (§ 4852.01 et seq.), so that he could be relieved of the registration requirement. Because an amendment to the sex offender registration law after his conviction had the effect of lengthening the time period he was required to wait before seeking a certificate, the trial court denied defendant's petition, concluding that he was not yet eligible to seek relief. Defendant challenges the denial on several grounds, one of which has merit. We conclude that subjecting defendant to a longer rehabilitation procedure denies defendant equal protection of the laws, because persons similarly situated are not so restricted. We therefore reverse and remand to the trial court for further proceedings.

### I.

#### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken primarily from the exhibits submitted to the trial court in connection with defendant's petition for a certificate of rehabilitation. According to a probation report, police discovered "a large amount of child pornography" on computers seized from defendant's home following a search conducted pursuant to a warrant on October 2, 2001. Defendant was charged with a violation of section 311.1, a wobbler, which makes it unlawful to knowingly bring into the state or to possess obscene matter that depicts a person under the age of 18 personally engaging in or simulating sexual conduct with intent to distribute or exhibit such matter to others. Defendant also was prosecuted in federal court for a violation of title 18 United States Code section 2252A(a)(5)(B) (knowing possession of child pornography), according to the probation report.

On August 29, 2002, defendant pleaded no contest pursuant to a plea agreement in this action to a felony violation of section 311.1, and defense counsel stipulated that there was a factual basis for the plea.[2] Four other

---

[*]Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant claims that he entered a plea in October 2001; however, he cites to a portion of the record stating the date of his *arrest*, not plea. Certain documents, including the transcript of the August 29, 2002 hearing confirming the correct date of defendant's plea, the minute order following the hearing, and the transcript of defendant's October 28, 2003 sentencing hearing, were not designated by the parties and therefore were not part of the record on appeal. On this

felony sex crimes were dismissed pursuant to the plea agreement. At the time of the plea, a conviction under section 311.1 did not require registration as a sex offender pursuant to section 290; however, defendant agreed to register as part of the negotiated disposition. (Former § 290, subd. (a)(1)(A) & (2)(A); Stats. 2000, chs. 240, § 1, 287, §§ 3–8, 648, § 1, 649, § 2.5.) During a discussion before the entry of defendant's plea, the parties and the trial court agreed that defendant's conviction would not preclude defendant from later seeking a certificate of rehabilitation. As discussed in more detail below, obtaining such a certificate pursuant to the procedure set forth in section 4852.01 et seq. relieves a person from further duty to register as a sex offender. (§ 290.5, subd. (a)(1).)

Sentencing did not take place until October 28, 2003, more than a year after defendant entered his plea. Although it is unclear what caused the delay, it may have been due to defendant's prosecution in federal court. The probation department report stated that defendant would serve time in federal custody, and the trial court confirmed at the beginning of the October 28 hearing that defendant had recently been sentenced to serve a year and one day in federal prison, beginning the following January. In this matter, the trial court suspended imposition of sentence and placed defendant on probation for five years, pursuant to the negotiated disposition.

Defendant's probation was terminated on March 14, 2008. On February 6, 2009, the trial court granted defendant's petition to reduce his conviction from a felony offense to a misdemeanor, pursuant to section 17. That same day, the trial court ordered that defendant's "plea/verdict/finding of guilt" be set aside and vacated, a plea of not guilty be entered, and that the complaint be dismissed, pursuant to section 1203.4.

Although the underlying briefs are not included in the record on appeal, it appears that defendant first sought relief from the requirement that he continue to register as a sex offender by way of writ of mandate in the trial court. By order dated January 28, 2011, the trial court rejected defendant's argument, pursuant to *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), that the registration requirement violated equal protection of the laws under the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution. The court concluded that because the registration requirement was imposed pursuant to a plea bargain and not pursuant to statute (as it was in *Hofsheier*), defendant's equal protection analysis was inapposite, but that the

court's own motion, we ordered that the record be augmented to include these omitted documents. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

plea agreement did not preclude defendant from applying for a certificate of rehabilitation. Defendant apparently did not appeal the denial of his writ petition.

On December 16, 2011, defendant filed a petition for a certificate of rehabilitation and pardon, pursuant to sections 4852.01 and 4852.06, seeking to terminate his duty to register as a sex offender. The trial court later granted the People's motion for a two-month continuance, so that (according to defendant) an investigator could complete an evaluation of defendant. Apparently no investigation was undertaken, however, because the People concluded that defendant was not then eligible to seek a certificate of rehabilitation. The district attorney filed a motion to dismiss defendant's petition, arguing that the rehabilitation period for a person convicted under section 311.1 was 10 years, meaning that defendant was required to wait an additional 19 months to file his petition.

Defendant disputed his ineligibility, and argued that the 10-year rehabilitation period violated equal protection principles, because similarly situated individuals were required to wait only seven years before seeking a certificate. He also contended that applying a 10-year rehabilitation period would violate federal ex post facto principles (U.S. Const., art. I, § 9), because it increased his punishment after the commission of his crime. He represented that "at the time he agreed to register [defendant] was assured by both the federal and state courts that his registration was to be the lowest level possible and that he should be permitted to apply for a certification of rehabilitation." The only support for this statement was a declaration from counsel, describing a conversation among the federal prosecutor, defense counsel, and the federal judge who oversaw the federal case against defendant. However, no transcript of such a conversation was provided to the trial court, and it is unclear what is meant by a "low level" of registration.[3]

The trial court denied the petition for a certificate of rehabilitation, concluding that defendant was then currently ineligible for rehabilitation

---

[3] After respondent in its appellate brief noted the lack of factual support for defendant's claim that promises were made to him when he agreed to register, defendant filed in this court a motion to augment the record with documents he claimed would provide an adequate record. This court ordered that the motion be decided with the merits of the appeal. We hereby deny the motion, as there is no indication that the documents were ever filed or lodged in the trial court, as set forth in California Rules of Court, rule 8.155(a)(1)(A). (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [58 Cal.Rptr.2d 899, 926 P.2d 1085] ["Augmentation does not function to supplement the record with materials not before the trial court."].) Even if the documents were the proper subject of a motion to augment, they do not provide support for defendant's claim that he was assured that he would be subject to "minimal" registration requirements. In fact, a letter from the federal prosecutor included in the motion to augment sets forth the reasons why federal statutes *mandated* registration.

under the plain meaning of the statutory scheme, and that applying the relevant registration period to defendant did not violate equal protection or ex post facto principles. The court encouraged defendant to refile a petition when he was eligible to do so (on or about Oct. 28, 2013—10 years after he was placed on probation), because "this certainly appears to be a case where the granting of such a certificate would be appropriate unless the subsequent investigation turns up something of which the Court is not aware." Defendant timely appealed.

## II.

### DISCUSSION

### A. *Procedure for Seeking Certificate of Rehabilitation for Relief from Sex Offender Registration*

▉ Convicted felons who claim to be reformed may ask the Governor for a pardon, and may thereby seek release from certain civil disabilities arising from the conviction, including registration as a sex offender. (*People v. Ansell* (2001) 25 Cal.4th 868, 871, 873 [108 Cal.Rptr.2d 145, 24 P.3d 1174] (*Ansell*).) One statutory procedure for requesting such a pardon is set forth in section 4852.01 et seq., regarding " 'certificates of rehabilitation.' " (*Ansell*, at p. 871.) As explained in *Ansell*, "the certificate of rehabilitation procedure is available to convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained 'period of rehabilitation' in California. (§ 4852.03, subd. (a) [imposing general minimum requirement of five years' residence in this state, plus an additional period typically ranging between two and five years depending upon the conviction]; see §§ 4852.01, subds. (a)–(c), 4852.06.) During the period of rehabilitation, the person must display good moral character, and must behave in an honest, industrious, and law-abiding manner. (§ 4852.05; see § 4852.06.) Several provisions make clear that a person is 'ineligible to . . . petition for a certificate of rehabilitation' (§ 4852.03, subd. (b)), and that no such petition 'shall be filed' (§ 4852.06), unless and until the foregoing requirements are met. (See § 4852.01, subds. (a)–(c) [describing who 'may file' a petition].)" (*Ansell, supra*, at p. 875.) The trial court holds a hearing and considers testimonial and documentary evidence, and the district attorney may be directed to investigate and report on relevant matters. (§§ 4852.1, 4852.11, 4852.12; *Ansell*, at p. 875.) Where the trial court has found that the petitioner is both rehabilitated and fit to exercise the rights and privileges lost by reason of his conviction, it may enter an order known as a certificate of rehabilitation, recommending that the Governor grant a full pardon to petitioner. (§ 4852.13; *Ansell*, at pp. 875–876.)

██ For certain civil disabilities, including mandatory lifetime registration for various sex offenses (§ 290, subd. (b)), relief may be available based on the receipt of a certificate of rehabilitation, even where no pardon has been obtained. (*Ansell, supra,* 25 Cal.4th at p. 877 & fn. 17.) The availability of relief from sex offender registration by obtaining a certificate of rehabilitation is determined by the person's underlying sex crime conviction. Persons required to register based on their convictions of various serious sex offenses involving force and violence shall not be relieved of the duty to register pursuant to section 290 upon obtaining a certificate.[4] All other persons who are required to register shall be relieved of that duty upon obtaining a certificate of rehabilitation if the person is not in custody, on parole, or on probation. (§ 290.5, subd. (a)(1).) There is no dispute that defendant, as a person convicted of a violation of section 311.1 (an offense that currently requires sex offender registration under § 290, subd. (c)) would be relieved from the duty to register if he obtained a certificate of rehabilitation.

██ The parties disagree, however, over how long defendant must wait before he is eligible to seek a certificate. As set forth above, a convicted felon may seek a certificate of rehabilitation after the completion of his or her sentence or upon release on parole or probation, after waiting an additional "period of rehabilitation." (§ 4852.03, subd. (a).) The period of rehabilitation

---

[4] Section 290.5, subdivision (a)(2)(A)–(V) lists the offenses for which relief from registration is not available upon obtaining a certificate of rehabilitation: kidnapping (§§ 207, 209) with the intent to commit rape (§ 261), sodomy (§ 286), lewd act on a child (§ 288), oral copulation (§ 288a), or sexual penetration by foreign object (§ 289); assault with intent to commit rape, sodomy or oral copulation (§ 220); felony sexual battery (§ 243.4); rape committed under various circumstances (§ 261, subd. (a)(1)–(4) & (6)); acting in concert to commit rape or sexual penetration (§ 264.1); felony seduction for prostitution (§ 266); felony inducing commission of sexual act through fear by false representation (§ 266c); transporting child under 16 for lewd or lascivious act (§ 266j); abduction for prostitution (§ 267); aggravated sexual assault of a child (§ 269); felony sodomy with a person under 18 (§ 286, subd. (b)(1)); sodomy committed under various other circumstances (§ 286, subds. (b)(2), (c), (d), (f), (g), (i)–(k)); lewd act on a child (§ 288); felony oral copulation with a person under 18 (§ 288a, subd. (b)(1)); oral copulation committed under various other circumstances (§ 288a, subds. (b)(2), (c), (d), (f), (g), (i)–(k)); engaging in three or more acts of substantial sexual conduct with a child under 14 (§ 288.5); felony sexual penetration with a foreign object committed under various circumstances (§ 289, subds. (a), (b), (d)–(h)); sexual penetration with a foreign object committed under various other circumstances (§ 289, subds. (i) & (j)); child molestation (§ 647.6); attempted commission of any of the foregoing offenses; the statutory predecessor of any of the foregoing offenses; or any offense committed in another state that would have been punishable as one or more of the foregoing offenses. Persons convicted of any of these offenses must obtain a full pardon as provided in two other statutory procedures before being relieved of the duty to register. (§ 290.5, subd. (b)(1); see §§ 4800 et seq., 4850 et seq.) We note, however, that Division Three of this court recently invalidated section 290.5, subdivision (a)(2)(N), which denies automatic registration relief for people convicted of oral copulation with a person 16 or 17 years of age, because subdivision (a)(2)(N) violates equal protection principles. (*D.M. v. Department of Justice* (2012) 209 Cal.App.4th 1439, 1452 [147 Cal.Rptr.3d 798].)

shall consist of five years' residence in this state, plus an additional period of time depending on the crime for which a defendant was convicted. (§ 4852.03, subd. (a).) Five years are added to that period in any case where the person was convicted of an offense for which sex offender registration is required pursuant to section 290, except that for some registrable sex offenses, only two years are added to the period of rehabilitation. (§ 4852.03, subd. (a)(2).)

It is undisputed that the standard five-year waiting period for registrable offenses would not have been added to defendant's rehabilitation period at the time he entered his plea. Instead, because section 311.1 was not a registrable offense when he pleaded guilty, he would have been eligible to seek a certificate of rehabilitation after seven years: the standard five years, plus two years for an offense not listed in section 4852.03, subdivision (a)(1) or (2)—the same amount of time he would currently have to wait if section 311.1 was an exception to the additional five-year period for people convicted of registrable sex offenses. (§ 4852.03, subd. (a)(2)–(3).)

█ However, section 290 was amended after defendant's conviction, effective January 1, 2004, to include section 311.1 as an offense which requires sex offender registration. (§ 290, subd. (c); Stats. 2003, ch. 540, § 1, p. 4111.) That means that five years are now added to the standard five-year rehabilitation period, for a total rehabilitation period of 10 years, because section 311.1 is an "offense for which sex offender registration is required pursuant to Section 290," which adds five years to the standard period, and section 311.1 is not listed as a registrable sex offense for which only two years are added. (§ 4852.03, subd. (a)(2).) Defendant notes that section 311.1 is similar to the following registrable offenses that *are* listed as exceptions, for which only two years are added to the rehabilitation period, for a total rehabilitation period of seven years:

█ *Section 311.2, subdivision (b)*: This statute punishes as a felon any person "who knowingly sends or . . . brings . . . into this state for sale or distribution, or in this state possesses, prepares, publishes, produces, develops, duplicates, or prints any representation of information, data, or image, including, but not limited to [various media], with intent to distribute or to exhibit to . . . others for *commercial consideration*, any *obscene* matter, knowing that the matter depicts a person under the age of 18 years personally engaging in or personally simulating sexual conduct . . . ." (Italics added.)

*Section 311.2, subdivision (c)*: This substantially similar subdivision, a wobbler, prohibits the same acts as section 311.2, subdivision (b), except that it "is not necessary to prove commercial consideration or that the matter is obscene in order to establish a violation of this subdivision." Instead, it prohibits the sending or bringing into this state, or possession or preparation

in this state, of material depicting a person under 18 years old, with intent to distribute or exhibit the material to a person 18 years or older.

*Section 311.2, subdivision (d)*: This subdivision, a felony, is almost identical to section 311.2, subdivision (c), except that it prohibits the possession of material with intent to distribute or exhibit it to a person *under* the age of 18.

■ *Section 311.3*: This statute, a wobbler, provides that a person is guilty of sexual exploitation of a child if the person knowingly develops, etc., any image "that depicts a person under the age of 18 years engaged in an act of sexual conduct." (§ 311.3, subd. (a).)

■ *Section 311.10*: This statute punishes as a felon any person "who advertises for sale or distribution any obscene matter knowing that it depicts a person under the age of 18 years personally engaging in or personally simulating sexual conduct, as defined in Section 311.4 . . . ." (§ 311.10, subd. (a).)

We generally agree with defendant's characterization of these offenses as all "involving simple possession or distribution of obscene matter,"[5] similar to section 311.1. Whereas people convicted of the foregoing statutes must wait seven years before seeking a certificate of rehabilitation, people who were convicted of section 311.1 must wait 10 years. (§ 4852.03, subd. (a)(2).) It is the addition of three years over the two years added for other possession and distribution crimes to which defendant objects.

The Legislature *could* have amended section 4852.03 after it made section 311.1 a registrable offense, so that this crime added only two years to a defendant's rehabilitation period; however, it has not done so.[6] We therefore reject defendant's argument that we may infer a "legislative intent" to impose a shorter period of rehabilitation on those convicted of section 311.1. Indeed, defendant directs this court to no decisional or historical support for this inference. It may well be, as defendant apparently suggests, that the Legislature simply neglected to amend section 4852.03 when it added section 311.1 as a registrable sex offense, to make the period of rehabilitation for that crime the same as for analogous statutes. (*Newland v. Board of Governors* (1977) 19

---

[5] People convicted of indecent exposure (§ 314) also are subject to the shorter, seven-year period of rehabilitation. (§ 4852.03, subd. (a)(2).) Although defendant quotes section 314 in his opening brief, and his appellate counsel represents that he is challenging the statute on equal protection grounds in federal court, defendant does not specifically analogize the statute to the one under which he was convicted. We thus do not address it further.

[6] Although section 4852.03 has been amended to make nonsubstantive changes since defendant was arrested in 2001, the calculation of the period of rehabilitation for people convicted of registrable offenses pursuant to the statute has remained unchanged since that time. (Stats. 2010, ch. 178, § 84; Stats. 2011, ch. 296, § 217.)

Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254] [Legislature may have failed to realize that amendment of provision in Ed. Code would result in different treatment of misdemeanants and felons because of provision of Pen. Code]; cf. *People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078] [when enacting statutes, Legislature presumed to be aware of existing statutes and enacted or amended statute in light thereof].) Because it clearly did not do so, we may not read into the statute such a "legislative intent." (*Planned Parenthood Affiliates v. Swoap* (1985) 173 Cal.App.3d 1187, 1193 [219 Cal.Rptr. 664] [even where Legislature includes provision in budget act solely as result of clerical error, court may not nullify language of statute as enacted]; *Mutual Life Ins. Co. v. City of Los Angeles* (1990) 50 Cal.3d 402, 412 [267 Cal.Rptr. 589, 787 P.2d 996] [courts may not speculate that Legislature meant something other than what it said].)

■ We also reject defendant's brief argument that imposing a 10-year period of rehabilitation for people convicted of violations of section 311.1 results in "an absurdity." He relies on the general rule that a court must construe a statute in a way that avoids " 'an interpretation that would lead to absurd consequences' "; however, the case upon which he relies found no such absurdity. (*People v. Jimenez* (2000) 80 Cal.App.4th 286, 291 [94 Cal.Rptr.2d 884].) It is true that " '[t]he literal meaning of the words of a statute may be disregarded to avoid absurd results . . . .' " (*County of Sacramento v. Hickman* (1967) 66 Cal.2d 841, 849, fn. 6 [59 Cal.Rptr. 609, 428 P.2d 593].) However, the "exception should be used *most sparingly* by the judiciary and only in *extreme* cases else we violate the separation of powers principle of government. (Cal. Const., art. III, § 3.)" (*Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1698 [8 Cal.Rptr.2d 614], italics added.) We conclude that applying a 10-year period of rehabilitation, pursuant to the plain language of section 4852.03, "does not lead to 'absurd results' as a matter of law allowing for statutory construction," as there is nothing inherently " 'absurd' " about requiring someone convicted of violating section 311.1 to wait 10 years before becoming eligible to seek a certificate of rehabilitation. (*Unzueta*, at p. 1700.) This conclusion does not prevent us from finding that the 10-year rehabilitation period is unconstitutional, a question to which we now turn.

### B. *Longer Rehabilitation Period Violates Equal Protection*

#### 1. *No rational basis for longer rehabilitation period*

■ Defendant argues that he has been deprived of the constitutionally guaranteed equal protection of the laws, and we agree. "It is a fundamental principle that, '[t]o succeed on [a] claim under the equal protection clause, [a defendant] first must show that the state has adopted a classification that

affects two or more similarly situated groups in an unequal manner.' [Citations.] 'In considering whether state legislation violates the Equal Protection Clause of the Fourteenth Amendment . . . we apply different levels of scrutiny to different types of classifications. At a minimum, a statutory classification must be rationally related to a legitimate governmental purpose. [Citations.]' " (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836–837 [16 Cal.Rptr.3d 420, 94 P.3d 551].) "[M]ost legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose." (*Hofsheier, supra*, 37 Cal.4th at p. 1200.) We agree with the trial court and respondent, as apparently defendant does, that the classification at issue is subject to rational basis review. (*People v. McKee* (2010) 47 Cal.4th 1172, 1211, fn. 14 [104 Cal.Rptr.3d 427, 223 P.3d 566] (*McKee*) [lifetime sex offender registration requirement, § 290, is regulatory statute that does not involve loss of liberty and thus is subject to rational basis review]; *Hofsheier, supra*, at pp. 1201–1202 [rational basis review for statutory classification requiring sex offender registration for voluntary oral copulation with minor, but not voluntary sexual intercourse with minor of same age].)

■■■ As for the showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner, " '[t]his initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citation.] In other words, we ask at the threshold whether two classes that are different in some respects are sufficiently similar with respect to the laws in question to require the government to justify its differential treatment of these classes under those laws." (*McKee, supra*, 47 Cal.4th at p. 1202.) We agree with defendant, who has suffered a conviction under section 311.1 (possession of obscene matter depicting child in sexual conduct), that he has established that he is similarly situated with people convicted of other statutes prohibiting the production and dissemination of sexual/obscene material (§§ 311.2, subds. (b)–(d), 311.3, 311.10), who may seek a certificate of rehabilitation after seven, as opposed to 10, years (§ 4852.03, subd. (a)(2)). These statutes, all of which are contained in part 1, title 9, chapter 7.5 of the Penal Code (titled "Obscene Matter"), address the production and dissemination of images representing sexual matter. Persons convicted of any of the foregoing statutes must register as a sex offender (§ 290, subd. (c)), and they are all entitled to relief from registration upon obtaining a certificate of rehabilitation (§ 290.5, subd. (a)(1), (2)).

■■■ The trial court recognized that section 311.1 was "somewhat similar" to other statutes addressing sexual/obscene material, but it concluded (with no analysis) that there was a rational basis for treating people convicted of section 311.1 differently from people convicted of those similar crimes. We disagree. Those attacking the rationality of a legislative classification carry the burden " ' "to negative every conceivable basis which might support it." ' But this is

not an impossible task. The rationale must be 'plausible' [citation] and the factual basis for that rationale must be *reasonably* conceivable [citation]. And 'even in the ordinary equal protection case calling for the most deferential of standards, [courts must ascertain] the relation between the classification adopted and the object to be attained. The search for the link between classification and objective gives substance to the Equal Protection Clause.' [Citation.]" (*Hofsheier, supra,* 37 Cal.4th at p. 1201, original italics.) "[W]e must undertake ' " ' "*a serious and genuine judicial inquiry* into the correspondence between the classification and the legislative goals" ' " ' [citation] by inquiring whether ' "the statutory classifications are rationally related to the 'realistically conceivable legislative purpose[s]' [citation]" . . . and . . . by declining to "invent[] fictitious purposes that could not have been within the contemplation of the Legislature . . . ." ' [Citation.]" (*Ibid.,* original italics.)

We have undertaken a serious judicial inquiry into classifying statutes involving the distribution of sexual/obscene material as warranting a seven-year period of rehabilitation, while classifying section 311.1 as requiring a 10-year period of rehabilitation, and conclude that there is no rational basis for the statutory distinction. In asserting such a rational basis, the Attorney General emphasizes that section 311.1 criminalizes the possession, etc., of *obscene* matter that depicts a person under the age of 18 engaged in sexual conduct, whereas sections 311.3 and 311.2, subdivisions (c) and (d) do not, and concludes that it was reasonable for the Legislature to determine that people convicted of crimes involving "obscene" material were more likely to be recidivists.[7] This appears to be a " ' "fictitious purpose[]" ' " that was not actually within the contemplation of the Legislature. (*Hofsheier, supra,* 37 Cal.4th at p. 1201.) That is because persons convicted of other statutes involving obscene material *are* subject to the shorter, seven-year waiting period. (§§ 311.2, subd. (b), 311.10, 4852.03, subd. (a)(2).) As set forth above, section 311.2, subdivision (b) punishes any person who sends or brings into the state any *obscene* matter with intent to distribute it for a commercial consideration, and section 311.10 likewise punishes those who advertise for sale or distribution any *obscene* matter.

Respondent attempts to distinguish section 311.2, subdivision (b) by emphasizing that it addresses *commercial use* of obscene material, whereas section 311.1 addresses those who intend to distribute obscene material to

---

[7] " 'Obscene matter' " is defined by section 311, subdivision (a) as referring to "matter, taken as a whole, that to the average person, applying contemporary statewide standards, appeals to the prurient interest, that, taken as a whole, depicts or describes sexual conduct in a patently offensive way, and that, taken as a whole, lacks serious literary, artistic, political, or scientific value." In making a determination of whether the matter lacks serious literary, artistic, political, or scientific value, "the fact that the defendant knew that the matter depicts persons under the age of 16 years engaged in sexual conduct . . . is a factor that may be considered in making that determination."

"others" (§ 311.1, subd. (a)), without the need to prove commercial consideration, and hypothesizes that the Legislature *"could* rationally determine that those who distribute materials for commercial use (monetary gain only) *might* be less likely to be a recidivist," for whom a seven-year waiting period is sufficient. (Italics added.) Respondent does not point this court to any factual support for this hypothesis, let alone anything to indicate that the theory was available to or under consideration by the Legislature when distinguishing rehabilitation periods. (*McKee, supra,* 47 Cal.4th at p. 1206 ["assertions . . . are not the same as facts . . ."].) And the Attorney General does not even cite section 311.10, which also is directed at *obscene* material yet has a seven-year rehabilitation period (§ 4852.03, subd. (a)(2)), let alone distinguish it, though presumably the argument would be that people who "advertise[] for sale or distribution" obscene matter (§ 311.10) also *might* be less likely to reoffend. Requiring persons convicted of violating section 311.1 to wait 10 years before seeking a certificate of rehabilitation, while people convicted of similar offenses involving obscene material must wait only seven years, "cannot be justified by the *speculative possibility* that members of the former group are more likely to reoffend than those in the latter group." (*Hofsheier, supra,* 37 Cal.4th at p. 1204, italics added.)

■ We also consider it relevant that section 311.1 is a wobbler, whereas three other statutes aimed at sexual material (§§ 311.2, subds. (b) & (d), 311.10) are felonies, yet have a shorter period of rehabilitation. (§ 4852.03, subd. (a)(2).) "The length of the potential prison term presumably corresponds to the severity of the offense. It is irrational—indeed, perverse—and constitutionally impermissible, to impose *stricter registration requirements* on those subject to a shorter prison term than those subject to a longer term." (*D.M. v. Department of Justice, supra,* 209 Cal.App.4th at p. 1451, italics added, citing *Newland v. Board of Governors, supra,* 19 Cal.3d at p. 712 [violation of equal protection where persons convicted of felony, but not misdemeanor, sex crimes eligible to seek community college certification].)

■ The Attorney General disagrees, and directs us to two other wobblers—sexual battery, § 243.4, and annoying or molesting a child under 18, § 647.6—that, like section 311.1, are not subject to a shorter period of rehabilitation (§ 4852.03, subd. (a)(2)). Sexual battery requires proof of physically touching a victim (§ 243.4, subd. (e)(2)), and a violation of section 647.6 requires proof of conduct " 'directed' " toward a child (*People v. Phillips* (2010) 188 Cal.App.4th 1383, 1394 [116 Cal.Rptr.3d 401]). By contrast, a conviction for violating section 311.1 does not require proof of any direct contact whatsoever with a victim. Defendant is thus not similarly situated with people convicted of sections 243.4 or 647.6, and, indeed, respondent does even not claim that they are. Again, defendant is similarly situated with other people convicted of crimes related to sexual matter, who are eligible to seek a certificate of rehabilitation after seven years (§ 4852.03,

subd. (a)(2)), and there is no rational basis for distinguishing section 311.1 as requiring a longer rehabilitation period.

We thus conclude that the statutory distinction in section 4852.03, subdivision (a)(2) that requires persons, like defendant here, who were convicted of section 311.1 to wait 10 years before becoming eligible to seek a certificate of rehabilitation, while allowing a shorter, seven-year waiting period for those convicted of substantially similar offenses (§§ 311.2, subds. (b)–(d), 311.3, 311.10) violates the equal protection clauses of the federal and state Constitutions. (*Hofsheier, supra,* 37 Cal.4th at p. 1207.)

### 2. *Remedy for equal protection violation*

"When a court concludes that a statutory classification violates the constitutional guarantee of equal protection of the laws, it has a choice of remedies. [Citations.]" (*Hofsheier, supra,* 37 Cal.4th at p. 1207.) "In choosing the proper remedy for an equal protection violation, our primary concern is to ascertain, as best we can, which alternative the Legislature would prefer. [Citations.]" (*Ibid.*) Defendant argues that his rehabilitation period should be seven years, as for people convicted of similar crimes, and we agree. The appropriate remedy is to expand the list of sex offenses subject to a seven-year period of rehabilitation (§ 4852.03, subd. (a)(2)) to include section 311.1.

Section 4852.03, subdivision (a) provides that the period of rehabilitation "shall begin to run upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole or probation, whichever is sooner." (§ 4852.03, subd. (a).) So far as we can ascertain, defendant does not specify in his appellate briefs when he contends that the period started to run in this case. The trial court apparently concluded that it began to run on approximately October 28, 2003, when defendant was placed on probation in this case,[8] consistent with the statute. Applying a seven-year period of rehabilitation means that defendant became eligible to seek a certificate of rehabilitation in October 2010, and thus is currently eligible to seek relief.

### C. *No Ex Post Facto Violation*

Defendant also contends that subjecting him to a 10-year rehabilitation period violates the federal constitutional prohibition against ex post facto laws because section 311.1 was made a registrable offense after he entered his plea. We disagree.

---

[8] Defendant was to subsequently serve a year-long federal prison term, beginning in January 2004, for his conviction in federal court on related charges.

■  "Article I, section 10 of the United States Constitution provides: 'No state shall ... . pass any . . . ex post facto law . . . .' The ex post facto clause prohibits only those laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' (*Collins v. Youngblood* (1990) 497 U.S. 37, 43 [111 L.Ed.2d 30, 110 S.Ct. 2715].)" (*McKee, supra,* 47 Cal.4th at p. 1193.)

■  Defendant contends that making section 311.1 a registrable offense after he entered his plea and thus lengthening the period of rehabilitation following his conviction violated ex post facto principles because it " 'ma[de] more burdensome the punishment for [his] crime' " (*Collins v. Youngblood, supra,* 497 U.S. at p. 42) or, stated differently, because it changed and increased the punishment from when the crime was committed (*Ansell, supra,* 25 Cal.4th at p. 884, fn. 22). In *Ansell,* our Supreme Court rejected a defendant's argument that an amendment to section 4852.01 that eliminated his eligibility to seek a certificate of rehabilitation violated ex post facto principles, concluding that a certificate of rehabilitation *has no direct or indirect effect on the punishment for a crime.* (*Ansell,* at pp. 871–872, 883.) In reaching its conclusion, the court specifically disapproved *Sovereign v. People* (1983) 144 Cal.App.3d 143 [192 Cal.Rptr. 469], which had held that a longer rehabilitation requirement of section 4852.03 passed after defendant's conviction violated ex post facto guarantees—the identical argument defendant makes here. (*Ansell,* at pp. 891–893.) The *Ansell* court rejected *Sovereign*'s analysis, concluding that *Sovereign* was inconsistent with *Collins v. Youngblood,* that it overlooked the "obvious" remedial (as opposed to punitive) purpose of longer rehabilitation periods, that the *Sovereign* court erred in concluding that increasing a rehabilitation period prolonged "punishment," and that *Sovereign* also erred when it assumed that registration was a criminal penalty. (*Ansell,* at pp. 891–893; see *Daudert v. People* (1979) 94 Cal.App.3d 580, 586 [156 Cal.Rptr. 640] [§ 4852.03 "obviously a remedial measure"].) In light of our Supreme Court's specific disapproval of the position defendant advances here, we likewise reject his argument. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Our conclusion also finds support in *People v. Castellanos* (1999) 21 Cal.4th 785 [88 Cal.Rptr.2d 346, 982 P.2d 211], relied upon by the trial court but not cited in defendant's appellate briefs. The defendant in *Castellanos* argued that ordering him to register as a sex offender violated ex post facto principles because he was ordered to register under a provision of section 290 that took effect after he committed his offense, but before he was convicted. (*Castellanos,* at pp. 789–790.) Our Supreme Court rejected this argument, concluding that "the requirement that a person register as a sex offender *does not constitute punishment* for purposes of ex post facto analysis." (*Id.* at p. 788, italics added.) Likewise here, because the sex offender registration

requirement does not constitute punishment, it follows that requiring defendant to register for an additional three years does not violate ex post facto principles.[9]

We also dismiss defendant's suggestion that the longer registration requirement somehow violated unspecified promises that were made to defendant at the time of his plea. (See *ante*, fn. 3.) It may be true that the trial court stated before defendant entered his plea that nothing about the plea agreement precluded defendant from later applying for a certificate of rehabilitation. However, no reference was made to how long defendant would have to wait before becoming eligible to seek such a certificate, and we will not construe the trial court's statement as a promise that defendant would not have to comply with statutes in effect when he later applied for a certificate.

### D.  *Proceedings on Remand*

We stress that defendant's eligibility to apply for a certificate of rehabilitation does not mean that a certificate necessarily will be available to him. As set forth above, "the superior court conducts a thorough inquiry into the applicant's conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding. (§§ 4852.1–4852.12.) The standards for determining whether rehabilitation has occurred are high. (§§ 4852.05, 4852.13(a); see §§ 4852.11, 4852.13(b).) The decision whether to grant relief based on the evidence is discretionary in nature. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 227–229 [77 Cal.Rptr.2d 769]; see § 4852.13(a), as amended by Stats. 1996, ch. 129, § 2, eff. July 8, 1996 [clarifying that a certificate of rehabilitation 'may' issue upon the requisite showing of reform].)" (*Ansell, supra*, 25 Cal.4th at p. 887.) Here, the trial court did not hold an evidentiary hearing in light of its decision that defendant was not yet eligible to seek a certificate. Nothing in this opinion should be construed as limiting the court's discretion in ultimately determining whether rehabilitation has occurred.

### III.

#### Disposition

Defendant's July 30, 2012 motion to augment the record is denied. The trial court's order denying the petition for a certificate of rehabilitation as

---

[9] Defendant also briefly argues, without further analysis, that the amendment to section 290 also violated ex post facto principles because it made his crime " 'greater than it was, when committed.' " (*Ansell, supra*, 25 Cal.4th at p. 884, fn. 22.) To the contrary, the amendment to the sex offender registration statute "did not alter the definition of the crime[] of which defendant was convicted," section 311.1. (*People v. Castellanos, supra*, 21 Cal.4th at p. 791.)

premature is reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion.

Ruvolo, P. J., and Rivera, J., concurred.