[No. F041380. Fifth Dist. Jan. 6, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND GEORGE GLASS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Under California Rules of Court, rules 976(b) and 976.1, only the introductory paragraphs, the Factual and Procedural Summary, part IV.C of the Discussion, and the Disposition are certified for publication.

**COUNSEL**

A. M. Weisman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Mathew K. Chan and Catherine G. Tennant, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CORNELL, J.**—We are confronted in this case with an issue of first impression. Penal Code section 12022.8[1] requires imposition of a five-year sentence enhancement if the defendant causes great bodily injury during the commission of specifically listed sex crimes. Section 269, aggravated sexual assault of a child, subjects a defendant who is found guilty of committing specifically listed sex crimes against a child under 14 years of age and more than 10 years younger than the defendant to a "one strike" sentence of 15 years to life. Section 269 *is not* one of the sex crimes listed in section 12022.8.

■ The issue presented is whether a defendant convicted of violating section 269 is also subject to a section 12022.8 enhancement if he or she inflicts great bodily injury during the assault. We conclude a defendant in this position is subject to the five-year enhancement because a violation of section 269 necessarily includes commission of one of the sex crimes listed in section 12022.8.

The jury found that Raymond George Glass raped his 12-year-old stepdaughter, Jane Doe,[2] on two separate occasions and attempted to dissuade her mother, S.G., from testifying against him. The jury convicted Glass of two counts of aggravated sexual assault of a child (§ 269), two counts of lewd and lascivious acts by force (§ 288), one count of attempting to dissuade a witness (§ 136.1), and one count of making criminal threats (§ 422). The jury also made special findings that Glass caused great bodily injury on each occasion that he raped Jane and that he had incurred two prior convictions constituting strikes. (§ 667, subds. (b)–(i).)

Glass primarily contests the sufficiency of the evidence supporting the great bodily injury enhancements, as well as the admission of evidence that he raped another young girl 20 years previously. He also contends there was instructional error.

As will appear, we agree with some of his arguments. We will vacate and dismiss one of the prior conviction enhancements because the conviction was overturned on appeal and Glass was acquitted on retrial. We also conclude that substantial evidence did not support the jury's finding that Glass caused great bodily injury within the meaning of section 12022.8 on count I and within the meaning of section 667.6 on count III. We reject the remainder of Glass's arguments and remand for resentencing.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] We refer to the victim as Jane Doe, or Jane, throughout the opinion to protect her identity; we refer to Jane's mother as S.G. and to the prior rape victim as Michelle B. for the same reason. No disrespect is intended.

## FACTUAL AND PROCEDURAL SUMMARY

The evidence against Glass came primarily from Jane and from DNA analysis testimony. Jane testified that Glass raped her on two occasions. Jane's mother, S.G., was present on both occasions.[3] Only after the second rape did S.G. take Jane to the police. Semen and blood were found on the sanitary napkin Jane utilized after the second rape. DNA testing established that the likely donor of the semen on the sanitary napkin was Glass, and the likely donor of the blood was Jane. Medical testimony established that Jane's condition after the second rape was consistent with forcible penetration. There also was evidence that Glass threatened S.G. after he was arrested and attempted to prevent her from testifying.

Michelle B. testified she was raped by Glass approximately 20 years ago when she was 14 and Glass was in his mid-twenties.

Glass denied raping Jane, insisting that Jane's mother planted the semen on the sanitary napkin to frame Glass. Glass also claimed his encounter with Michelle was consensual.

Glass was charged with two counts of aggravated sexual assault of a child under 14 years of age (§ 269, subd. (a)(5)), two counts of lewd and lascivious acts by force on a child under 14 years of age (§ 288, subd. (b)), one count of dissuading a witness by force (§ 136.1, subd. (c)), and one count of making criminal threats (§ 422). An enhancement for inflicting great bodily injury pursuant to sections 12022.8 and 667.61, subdivision (b) was alleged for the first four counts. The information further alleged that Glass incurred two prior convictions within the meaning of sections 667, subdivision (d) and 667.5, subdivision (b).

A jury convicted Glass of all charges and found each enhancement true.

## DISCUSSION

### I.–IV.A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3] S.G. invoked her Fifth Amendment right against self-incrimination.

* See footnote, *ante*, page 1032.

## C.  *Section 12022.8 enhancements*

Glass challenges the imposition of two five-year enhancements pursuant to section 12022.8[8] on counts I and II, the convictions for violating section 269.

Section 269 imposes an enhanced sentence when the defendant commits enumerated sex crimes and the victim is under 14 years of age and more than 10 years younger than the defendant. The enumerated crimes are section 261, subdivision (a)(2) (rape by force or fear), section 264.1 (rape in concert), section 286, subdivision (c)(2) (sodomy by force or fear), section 288a, subdivision (c)(2) (oral copulation by force or fear), and section 289, subdivision (a) (forcible sexual penetration). A conviction for violating section 269 results in a sentence of 15 years to life. (§ 269.)

Section 12022.8 imposes a five-year enhancement when a defendant inflicts great bodily injury (as defined in section 12022.7) when committing any of the listed sex crimes. Glass argues the enhancement cannot be imposed because section 269 is not listed in section 12022.8.

■ Each crime listed in section 269 also is listed in section 12022.8. Hence, every defendant convicted of violating section 269 necessarily commits a crime listed in section 12022.8. Yet, section 269 is not listed in section 12022.8. For the reasons set forth below, we conclude this omission does not preclude imposition of the enhancement in section 269 prosecutions.

First, sections 269 and 12022.8 serve two different purposes. Section 269 provides increased punishment when the defendant sexually assaults a particularly vulnerable victim, a child under the age of 14 who is also 10 years younger than the defendant. Section 12022.8 is intended to enhance the punishment when the defendant inflicts great bodily injury while committing a sexual assault.

Second, as stated above, in order to be convicted of violating section 269, the jury must determine that the defendant committed one of the crimes listed in section 12022.8. It would seem injudicious to allow a defendant to escape the section 12022.8 enhancement simply because his victim was under 14 years of age.

---

[8] The full text of the statute is: "Any person who inflicts great bodily injury, as defined in Section 12022.7, on any victim in a violation or attempted violation of paragraph (2), (3), or (6) of subdivision (a) of Section 261, paragraph (1) or (4) of subdivision (a) of Section 262, Section 264.1, subdivision (b) of Section 288, subdivision (a) of Section 289, or sodomy or oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person as provided in Section 286 or 288a shall receive a five-year enhancement for each such violation in addition to the sentence provided for the felony conviction."

Third, the Legislature's omission of section 269 from section 12022.8 is understandable since section 269 was enacted *after* section 12022.8. Section 12022.8 was passed in 1979 as part of a bill that substantially increased criminal sentencing. (Stats. 1979, ch. 944, § 18, p. 3263.) Section 269 was passed during the first extra session of the 1993–1994 Legislature. (Stats. 1993–1994, 1st Ex. Sess., ch. 48, § 1.) The stated purpose of the bill was to keep offenders who commit one of the vilest acts imaginable in prison for life. (Legis. Counsel's Dig., Sen. Bill No. 30 (1993–1994 1st Ex. Sess.); Assem. Com. on Public Safety, Analysis of Sen. Bill No. 30X (1993–1994 1st Ex. Sess.) as amended Apr. 27, 1994.) The failure to amend section 12022.8 can be attributed to legislative oversight.

Fourth, the legislative history provides support for our conclusion, albeit in an analogous manner. Section 667.6 provides, in part, that a defendant convicted of specified sex offenses involving separate victims or the same victim on separate occasions shall serve full, separate and consecutive terms. (§ 667.6, subd. (d).) Section 667.6 was added by statute in 1979 (Stats. 1979, ch. 944, § 10, p. 3258) as part of the same bill that added section 12022.8.

Section 269 is not one of the sex crimes listed in section 667.6. However, like section 12022.8, each of the crimes listed in section 269 is also listed in section 667.6.[9] Nonetheless, the bill analysis for section 269 from the Assembly Committee on Public Safety specifically refers to the applicability of section 667.6 to section 269 crimes.[10] (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 30X (1993–1994 1st Ex. Sess.) as amended Apr. 27, 1994.) It appears, therefore, that the Legislature anticipated that a defendant convicted of violating section 269 would be subject to the sentencing requirements of section 667.6, even though section 269 was not listed in section 667.6. By parity of reasoning, a defendant convicted of violating section 269 would also face the enhancement found in section 12022.8.

*People v. Jimenez* (2000) 80 Cal.App.4th 286 [94 Cal.Rptr.2d 884] specifically addressed the issue of whether section 667.6, subdivision (d) required

---

[9] Each of the crimes listed in section 12022.8 also is listed in section 667.6, subdivision (d).

[10] "Current Law—Consecutive Sentences. Under current law, a person who is convicted of forcible sex offenses against different victims, or against the same victim on different occasions, is subject to special rules of sentencing. The court is required to sentence such a defendant to full-term consecutive sentences. (Penal Code section 667.6, subdivision (d).) If the offenses are against the same victim on the same occasion, the court is authorized to sentence the defendant to full-term consecutive sentences. (Penal Code section 667.6, subdivision (c).) [¶] These provisions have led to sentences in excess of 100 years. Under this bill, as it might interact with Penal Code section 667.6, a person convicted of six counts of child molestation, could receive a sentence of 90 years to life in prison, or to six consecutive life sentences." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 30X (1993–1994 1st Ex. Sess.) as amended Apr. 27, 1994.)

consecutive sentencing for a defendant convicted of violating section 269. This court concluded that it did, for essentially the same reasons articulated above. (*Jimenez,* at p. 292.) *Jimenez* provides support for our conclusion in this case. We now turn to the question of whether Glass inflicted great bodily injury when he raped Jane.

### D., E.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The true findings on the section 12022.8 enhancement to count I, the section 667.61, subdivision (b) and (e)(3) enhancement to count III, and the section 667, subdivision (d) enhancement alleging a prior conviction of robbery in 1974 are vacated and dismissed. In all other respects the judgment is affirmed. The sentence is vacated and the matter is remanded for resentencing.

Vartabedian, Acting P. J., and Levy, J., concurred.

A petition for a rehearing was denied January 14, 2004, and appellant's petition for review by the Supreme Court was denied March 24, 2004.

---

[*] See footnote, *ante,* page 1032.