[No. E041876. Fourth Dist., Div. Two. Apr. 22, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
BERNABE SILVA FIGUEROA, Defendant and Appellant.

COUNSEL

Mark A. Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RAMIREZ P. J.—A jury convicted defendant of two counts each of aggravated sexual assault of a minor (Pen. Code, § 269, subd. (a)(1)),[1] forcibly committing lewd and lascivious acts on a minor (§ 288, subd. (b)(1)), committing lewd and lascivious acts on a minor (§ 288, subd. (a)), committing lewd and lascivious acts on a person under the age of 16 (§ 288, subd. (c)) and one count of forcible sodomy (§ 286, subd. (c)(2)). He was sentenced to prison for two consecutive terms of 15 years to life plus 15 years four months. Defendant appeals, contending that the sentencing court erred in concluding that his terms for the aggravated sexual assaults must be run consecutively to each other under the provisions of section 667.6, subdivision (d). We disagree and affirm the judgment, while directing the trial court to correct errors in the abstract of judgment.

We need not recite the facts surrounding this case, as they are unnecessary to our discussion of the issue raised by defendant.

*Applicability of Section 667.6, Subdivision (d) to the Terms for Counts 1 and 3*

At the beginning of the sentencing hearing, the court announced that its tentative sentence would include a 15-year-to-life term each for counts 1 and 3, to run concurrently with each other and full consecutive terms for counts 2 and 4. However, after the prosecutor argued that the terms for counts 2 and 4 would have to be stayed pursuant to section 654, because they were the same acts as were involved in counts 1 and 3, and the terms for counts 1 and 3 would have to be run consecutively under the provisions of section 667.6, subdivision (d), the court imposed consecutive 15-year-to-life terms for counts 1 and 3.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant first contends that at the time he committed the aggravated sexual assaults of the minor victim, section 667.6, former subdivision (d) did not provide for mandatory consecutive sentences for those offenses. At the time defendant committed them, section 667.6, former subdivision (d) provided, in pertinent part, "A full, separate, and consecutive term shall be served for each violation of . . . paragraph (2) . . . of subdivision (a) of Section 261 . . . ." As to counts 1 and 3, the information charged defendant with "a violation of Penal Code section 269, subdivision (a), subsection (1) . . . in that . . . he did . . . commit a violation of Penal Code section 261, subdivision (a), subsection (2), . . . upon [the victim], a child who was under 14 years of age and 10 or more years younger than the defendant." The jury was instructed that it had to find, beyond a reasonable doubt, that defendant raped the victim, "in violation of Penal Code section 261 subdivision (a), subsection (2)" in order to return verdicts of guilt as to counts 1 and 3. In convicting defendant of these counts, the jury necessarily found that he committed violations of section 261, subdivision (a)(2), for which section 667.6, subdivision (d) imposes mandatory consecutive sentences.

Defendant contends that because section 269 was not amended until after he committed his crimes to also include the mandatory consecutive term provision of section 667.6, subdivision (d),[2] that provision does not apply to him.

■ He notes that before section 269 was amended in 2006, in *People v. Jimenez* (2000) 80 Cal.App.4th 286 [94 Cal.Rptr.2d 884], the Fifth District disposed of an argument similar to his as follows, "Section 667.6 was enacted in 1979 [citation]; section 269 followed in 1994 [citation]. In enacting subsequent statutes, the Legislature is presumed to be aware of existing statutes and judicial decisions. [Citation.] [¶] ■ Section 667.6 and section 269 serve two different objectives. Subdivision (d) of section 667.6 . . . was intended by the Legislature to provide increased punishment for cases where defendant's culpability is increased by the 'number and violence of his crimes.' [Citation.] . . . [T]he Legislature intended [in section 269] to aggravate punishment for forcible sexual offenses where the defendant's culpability is increased by a substantial age disparity. [¶] Defendant correctly points out that section 667.6, subdivision (d) does not explicitly provide that it applies to violations of section 269. However, he makes too much of this omission, ignoring the fact that violation of [the] section

---

[2] Section 269 states, in pertinent part, "(c) The court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve . . . the same victim on separate occasions as defined in subdivision (d) of section 667.6."

[prohibiting forcible sodomy] is one of the predicate offenses of section 269; one committing a forcible sodomy offense with the prescribed age disparity violates section 269. When the jury found defendant had violated section 269 under the circumstances presented here, it necessarily found he had violated [the] section [prohibiting forcible sodomy] . . . . Thus, the factual predicate necessary to apply section 667.6, subdivision (d) was proved beyond a reasonable doubt. [¶] It would be irrational to suppose the Legislature intended that criminals who commit multiple violent sexual offenses would be exempt from the aggravated punishment prescribed by section 667.6 merely because their victims happened to be children under age 14 who were 10 or more years younger than they. Defendant does not proffer any decisional or historical support for his assertion that by enacting section 269 the Legislature created a separate sentencing scheme for violent sexual offenders who prey on a particular class of victims. He fails to account for the fact that characterization of section 269 as such would work to the advantage of pedophiles by exempting them from the additional penalties that would ordinarily result when they commit multiple offenses . . . ." (*Id.* at pp. 291–292.)

Four years after *Jimenez* was decided, in *People v. Glass* (2004) 114 Cal.App.4th 1032 [8 Cal.Rptr.3d 417], the Fifth District observed, "[T]he bill analysis for section 269 from the Assembly Committee on Public Safety specifically refers to the applicability of section 667.6 to section 269 crimes. [Citation.]" (*Id.* at p. 1037, fn. omitted.) They further observed in a footnote, " 'Under current law, a person who is convicted of forcible sex offenses against . . . the same victim on different occasions, is subject to special rules of sentencing. The court is required to sentence such a defendant to full-term consecutive sentences. (Penal Code section 667.6, subdivision (d).) . . . Under [section 269], as it might interact with Penal Code section 667.6, a person convicted of six counts of child molestation, could receive . . . six consecutive life sentences.' [Citation.]" (*Id.* at p. 1037, fn. 10.)

Defendant contends that *Jimenez* was wrongly decided. He points out that the terms addressed in section 667.6, subdivision (d) are determinate, while the ones provided in section 269, for the same crimes against children, are 15 years to life. Thus, he suggests, the Legislature has already imposed increased punishment for sex crimes against minors, and further punishment under section 667.6, subdivision (d) is neither appropriate nor intended by the Legislature. However, in so doing, he ignores the language quoted in *Glass*.

He also asserts that section 669 provides the sentencing court with discretion to run terms for violations of section 269 either consecutively or

concurrently. That section states, "When any person is convicted of two or more crimes, whether in the same proceeding . . . or in different proceedings . . . the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment . . . shall run concurrently or consecutively. Life sentences . . . may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction." (§ 669.) He appears to suggest that section 669 precludes mandatory consecutive sentences for violations of section 269. However, section 669 makes no reference whatsoever to section 269. It certainly does not apply to sentences under section 667.6, subdivision (d).

Finally, defendant asserts that the amendment of section 269 in September 2006, to expressly apply the mandatory consecutive provision of section 667.6, subdivision (d) signals that the applicability of section 667.6, subdivision (d) to section 269 was ambiguous before that date. He also cites the Legislative Counsel's Digest for the 2006 amendment to section 269 which states, "The [amendment] would require the court to impose a consecutive sentence for each offense that results in a conviction under this provision." (Legis. Counsel's Dig., Sen. Bill No. 1128 (2005–2006 Reg. Sess.).) No doubt, the amendment does, indeed, require a consecutive sentence for each offense. However, the digest did not state that that requirement did not already exist under section 667.6, subdivision (d). Not to be ignored is the analysis of the Assembly Committee on Public Safety in 1994 that multiple convictions under section 269 were to be punished consecutively under section 667.6, former subdivision (d). Additionally, section 667.6, subdivision (d) has not, since 2006, been amended to add a reference to section 269. What we are left with then, at best for defendant, are dueling legislative analyses and an interpretation of inaction on the part of the Legislature. Rather than attempt to sort out these legislative tea leaves, we prefer to adopt the reasoned analysis of our colleagues at District Five in *Jimenez*. Section 667.6, subdivision (d) was crystal clear, at the time defendant committed his crimes, in its application to the rapes that the jury in this case found beyond a reasonable doubt to have been committed.[3] Therefore, consecutive sentencing was mandatory under that subdivision.[4]

---

[3] Contrary to defendant's claim, the trial court did not rely on, and did not have to rely on, the postoffense amendment of section 269, which added its reiteration of section 667.6, subdivision (d)'s mandatory consecutive sentencing provision. Therefore, there was no ex post facto application of the 2006 amendment of section 269 to defendant.

[4] Because we address defendant's arguments on the merits, and do not conclude that his trial counsel waived the matter below by failing to object to the imposition of consecutive terms for counts 1 and 3, we need not address his contention that his trial counsel was incompetent for failing to make such an objection.

## Disposition

The trial court is directed to amend the abstract of judgment to show that the sentences imposed for counts 6, 7 and 8 are consecutive terms of one-third of the midterm, and not full consecutive terms as the abstract currently states. In all other respects, the judgment is affirmed.

King, J., and Miller, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 16, 2008, S163839.