Filed 4/27/15  P. v. Drake CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC MICHAEL DRAKE,<br><br>    Defendant and Appellant. | B252974<br><br>(Los Angeles County<br>Super. Ct. No. MA056044) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Affirmed as modified.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

The trial court sentenced defendant and appellant Eric Michael Drake to six consecutive 15-years-to-life terms after he was convicted of six counts of aggravated sexual assault of a child.  Defendant argues the court erroneously believed it was mandated to impose consecutive sentences on his sexual assault convictions when in fact it was authorized to exercise its discretion to impose concurrent or consecutive sentences.  Because the record clearly demonstrates the trial court would have exercised its discretion to impose consecutive sentences, we conclude that even if there were error, it was harmless.[1]  Accordingly, we affirm the judgment.

# BACKGROUND AND DISCUSSION[2]

After the victim, defendant's daughter, turned 18 years old, she reported to the police that from the time she was five years old, her father had, during several periods of her childhood and adolescence, sodomized and raped her on a near-daily basis.  Defendant was convicted of, among other crimes, six counts of aggravated sexual assault of a child under 14.  (Pen. Code,[3] § 269, subd. (a).)  Each instance of aggravated sexual assault occurred between 1998 and 2007.[4]  The trial court sentenced defendant to 101-

---

[1]     After oral argument, defendant filed supplemental briefing addressing the issue of harmless error.

[2]     We do not recite in detail the facts of the underlying offenses because they are not necessary to resolution of this appeal.  (*People v. Washington* (2012) 210 Cal.App.4th 1042, 1045, fn. 2.)

[3]     All further statutory references are to the Penal Code unless otherwise specified.

[4]     At the time defendant committed the acts of forcible sodomy against his daughter, section 269 mandated that any defendant who was found to have committed any of the acts listed in subdivision (a) against a child who was under 14 years of age and 10 or

2

years-to-life in state prison, which included six consecutive 15-years-to-life terms for the aggravated sexual assault convictions.

### 1. Defendant's Consecutive Sentences

In sentencing defendant, the trial court stated that it was required by section 667.6, subdivision (d) to impose consecutive terms for his aggravated sexual assault convictions. Section 667.6, subdivision (d) mandates that consecutive sentences be imposed on convictions for certain sexual offenses, including forcible sodomy (§ 281, subds. (c), (d), & (k)) and rape (§ 261, subd. (a)), if the crimes were committed against separate victims or the same victim on separate occasions. (See § 667.6, subds. (d) & (e).) The statute does not list violations of section 269 as crimes subject to its mandatory consecutive sentencing provision. (See § 667.6, subd. (e).) Before its amendment in 2006, section 269 did not state that multiple offenses under its terms were required to be sentenced consecutively under any circumstances. Since its amendment, section 269 expressly requires the trial court to impose consecutive sentences for multiple offenses under its terms "if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6." (§ 269, subd. (c).) A violation of section 269 is punished by a sentence of 15-years-to-life (see § 269, subd. (b)), and the qualifying offenses under section 667.6's mandatory sentencing provisions are punished by determinate sentences. (See § 667.6, subd. (e) and offenses specified therein.)

Defendant contends the trial court erroneously believed it was required to impose consecutive sentences on his aggravated sexual assault convictions when in fact it was authorized to exercise its discretion to impose concurrent or consecutive sentences under

---

more years younger than the defendant to be sentenced to a term of 15 years to life. (See former § 269 [amended by Stats. 2006, ch. 337 (S.B. 1128), § 6].) In 2006, the statute was amended to decrease the required age difference between perpetrator and victim from ten years to seven years. (See § 269, subd. (a).) Section 269 was also amended to expressly require the trial court to impose consecutive sentences for each offense that results in a conviction under its terms "if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6." (§ 269, subd. (c).)

section 669.[5] He argues the Legislature did not intend to mandate consecutive sentences for multiple aggravated sexual assault convictions until section 269 was amended. Accordingly, he requests that we remand to allow the trial court to exercise its discretion in sentencing him on his aggravated sexual assault convictions.

The People contend the trial court did not err in imposing consecutive terms for defendant's aggravated sexual assault convictions. While acknowledging that neither statute referenced the other prior to 2006, the People argue the trial court was nevertheless required to impose consecutive terms for defendant's convictions because, in order to be convicted under section 269, defendant necessarily must have committed at least one of the qualifying offenses listed in section 667.6, subdivision (e) (i.e., rape in violation of section 261, subdivision (a), or sodomy in violation of section 286, among other prohibited acts). (See § 667.6, subd. (e); see also *People v. Jimenez* (2000) 80 Cal.App.4th 286, 291 (*Jimenez*); *People v. Figueroa* (2008) 162 Cal.App.4th 95, 100 (*Figueroa*).) The People rely on *Jimenez* and *Figueroa*, both of which held that multiple convictions for aggravated sexual assault that occurred prior to section 269's amendment in 2006 required imposition of consecutive terms under section 667.6, subdivision (d). (*Jimenez*, *supra*, 80 Cal.App.4th at pp. 291-292; *Figueroa*, *supra*, 162 Cal.App.4th at p. 100.) Defendant contends both cases were wrongly decided.

In *Jimenez*, the defendant was convicted of two counts of violating section 269, subdivision (a)(3) (forcible sodomy), after he sexually assaulted a 12-year-old child on numerous occasions in 1996. (*Jimenez*, s*upra*, 80 Cal.App.4th at pp. 288-289.) The trial

---

[5] Section 669 provides in relevant part: "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively. Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction." (§ 669, subd. (a).)

4

court sentenced the defendant to two consecutive terms of 15-years-to-life for the sexual assault convictions, indicating that it was required to do so under section 667.6. (*Id.* at p. 288.) On appeal, the defendant argued the trial court had discretion to impose concurrent sentences because section 269 was not listed as a qualifying offense under section 667.6. (*Id*. at p. 290.) Alternatively, he argued the two statutes operated exclusively because a violation of section 269 is punished by an indeterminate sentence, and section 667.6, by its terms, applied only to crimes falling within a determinate sentencing scheme. (*Ibid*.)

The Fifth District rejected the defendant's arguments. First, it held that section 269 fell within section 667.6, subdivision (d)'s mandatory consecutive sentencing provision because, in order to be convicted under section 269, a defendant must be found beyond a reasonable doubt to have committed at least one of the qualifying offenses under section 667.6, subdivision (e). (*Jimenez*, *supra*, 80 Cal.App.4th at p. 291.) Second, the court reasoned that it would be irrational to hold that section 667.6, subdivision (d) did not apply to multiple convictions under section 269 because it could result in more lenient sentencing for individuals convicted of sex crimes committed against children by exempting them from the additional penalty of consecutive sentences. (*Id*. at p. 292.)

In *Figueroa*, the defendant was convicted of two counts of violating section 269, subdivision (a)(1) (rape), for which the trial court imposed two consecutive terms of 15-years-to-life. (*Figueroa*, s*upra*, 162 Cal.App.4th at p. 97.) The defendant challenged the sentence on several grounds: (1) section 669, rather than section 667.6, subdivision (d), applied to his aggravated sexual assault convictions because violations of section 269 are not expressly listed as qualifying offenses under section 667.6, subdivision (e); (2) *Jimenez* was wrongly decided because section 269 establishes a separate and alternative sentencing scheme centered around indeterminate sentences; and (3), the Legislature's amendment of section 269 demonstrates that multiple violations of the statute committed before 2006 were not subject to mandatory consecutive sentencing. (*Id*. at pp. 98-100.)

The Fourth District rejected the defendant's arguments. First, the court looked to *People v. Glass* (2004) 114 Cal.App.4th 1032 (*Glass*), which observed that the bill

analysis for section 269 from the Assembly Committee on Public Safety in 1994 specifically acknowledged the applicability of section 667.6 to section 269 crimes. (*Figueroa*, *supra*, 162 Cal.App.4th at p. 99; *Glass*, *supra*, 114 Cal.App.4th at p. 1037.) That bill analysis states: "Under [section 269], as it might interact with . . . section 667.6, a person convicted of six counts of child molestation, could receive a sentence of 90 years to life in prison, or to six consecutive life sentences." (*Glass*, *supra*, 114 Cal.App.4th at p. 1037, fn. 10.) The court in *Figueroa* concluded that the quoted language from section 269's bill analysis foreclosed the defendant's position because it evinced the Legislature's intent to have section 667.6, subdivision (d)'s mandatory consecutive sentencing provision apply to convictions under section 269, rather than have it serve as a separate and alternative sentencing scheme to section 269's indeterminate life-term scheme. (*Figueroa*, *supra*, 162 Cal.App.4th at p. 99.)

The court also rejected the defendant's argument that under section 669, the trial court had discretion to impose concurrent or consecutive life terms. (*Figueroa*, *supra*, 162 Cal.App.4th at pp. 99-100.) It reasoned that because section 669 did not reference section 269, and because section 669 could not apply to offenses qualifying under section 667.6, subdivision (d), which were the predicate offenses required to support a conviction under section 269, section 669 did not apply to sentences under section 269. (*Id*. at p. 100.) Finally, the court rejected the defendant's argument that the Legislature's 2006 amendment of section 269 demonstrated that the Legislature did not intend for convictions under that statute to trigger section 667.6, subdivision (d)'s mandatory consecutive sentence provision. (*Ibid*.) Adopting the Fifth District's reasoning in *Jimenez*, the court held that convictions under section 269 for acts committed prior to the statute's 2006 amendment triggered section 667.6, subdivision (d)'s mandatory consecutive sentencing provision. (*Ibid*.)

Defendant urges us not to follow *Jimenez* and *Figueroa*. He argues it is not irrational to conclude the Legislature intended for the pre-amended section 269 to serve as a separate and alternative sentencing scheme to section 667.6, subdivision (d). He contends that because section 269 provided for an increased and different type of

punishment from those offenses qualifying under section 667.6, subdivision (d),[6] the Legislature intended to establish section 269 as a sentencing scheme separate and apart from section 667.6, subdivision (d).  He asserts section 269's indeterminate term of 15-years-to-life is likely to often result in a much harsher total sentence than one composed of consecutive determinate terms under section 667.6, subdivision (d).

We do not believe it is irrational to interpret enactment of section 269's indeterminate sentencing scheme, which exposes a defendant to an indeterminate life sentence for just a single offense, as an indication of the Legislature's intent to create a sentencing scheme separate and apart from section 667.6, subdivision (d)'s mandatory sentencing provision.  In other words, because section 269 provides for its own enhanced sentence, the Legislature may have intended section 269 to operate apart from section 667.6, subdivision (d).  Accordingly, we acknowledge that defendant, in arguing that the Legislature originally intended to establish section 269 as a sentencing scheme separate from and alternative to section 667.6, subdivision (d), and the People, in arguing that section 269 has always fallen within section 667.6, subdivision (d)'s mandatory sentencing provision based on legislative history and *Jimenez* and *Figueroa*, both pose reasonable arguments supporting their respective interpretations of sections 269 and 667.6.

Generally, when criminal statutory language gives rise to two or more reasonable interpretations, the ambiguity should be resolved in the defendant's favor.  (See *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 312-313, citing *People v. Ralph* (1944) 24 Cal.2d 575, 581.)  We do not need to resolve this ambiguity.  Assuming the interpretation most favorable to defendant applies, and, accordingly, the court had discretion to impose concurrent sentences for defendant's section 269 convictions, on the record here, remand is unnecessary.

---

[6]     For example, an indeterminate term of 15-years-to-life under section 269 versus maximum determinate terms of 13 years under section 261, subdivision (a)(2) (rape) and 14 years under section 286, subdivision (d)(2) (sodomy).

Although a case is typically remanded where the trial court erroneously interprets its scope of discretion in imposing sentence, remand is not necessary "where doing so would be an idle act that exalts form over substance because it is not reasonably probable the court would impose a different sentence." (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889 (*Coelho*).) Because the court made its sentencing intentions extremely clear, it is not reasonably probable it would exercise its discretion to impose a different sentence. (*Ibid*.; *People v. Gutierrez* (1996) 46 Cal.App.4th 804, 816-817; see also *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) Thus, remand is not necessary here. (*Coelho*, *supra*, 89 Cal.App.4th at p. 889.)

The trial court heard and considered the victim's moving impact statement, during which she recounted the damage defendant's conduct caused in her life and the progress she has made since reporting defendant's conduct to the police. The victim stated: "No one expects to be hurt by someone who's supposed to love and protect them, but for years there was. Because of my past I found it very hard to make trustful, meaningful relationships. I avoid relationships with men for fear that they'll hurt me, and I'm always suspicious of men around my daughters. [¶] Before the crime began, I was an outgoing normal little girl. I enjoyed reading and writing short stories. I aspired to become a model like my mother. I wanted to get married and have 7 to 15 children, and I liked to force my little brother into playing Barbies with me. [¶] . . . Since the crime, I've had to battle alcoholism, intimacy issues, depression, post-traumatic stress disorder, anxiety problems and chronic nightmares. [¶] . . . My life has been difficult, and I know it won't get easier. . . . [¶] . . . I randomly have panic attacks if I see men who look[ ] like my father, sound[ ] like my father or even if I smelled Chapstick he constantly used. . . . [¶] . . . These problems and more plague me every day . . . ."

After the victim spoke, the court commented on the reprehensible nature of defendant's conduct and the effect that conduct had on his daughter. Specifically, the court stated: "I've sat in a court room for a long time, a long time, looking, listening, understanding the way people move and act and what they do in life, and I've never, even with the serial killers that I've seen, even with the people who have murdered children,

8

people who I've sent to death row as a D.A., the people who have come before me, I've never seen anybody quite like you in the degree of viciousness and callousness, and I mean that honestly. . . . [¶] You have a beautiful daughter who is well adjusted and fantastic by all accounts. That probably should be the greatest thing in your life going forward that you can know that you have not totally destroyed her life. [¶] She's resilient, and she is going to lead a happy, happy life despite what you've done to her. With respect to your viciousness and your callousness, that's between you and yourself, and in everything I've seen, you're not getting it, and maybe the time that you get in prison, 90 years to life, will help you get closer to an understanding." The court continued, "[A]nd you perpetrated crimes of horrible, almost unspeakable violence against [your daughter] when you were the person that was trusted by everyone, including her, to keep her safe as her father . . . . [¶] And not only did you not keep her safe from other harm, you perpetrated enormous violence on her of a horrific fashion . . . ."

It is evident, and was appropriate, that the court considered the victim's statement when it addressed defendant. The court's comments make it abundantly clear that, upon remand, the court would impose consecutive sentences on defendant's convictions under section 269. Such a sentence would reflect more than simply the mechanical application of a statute, but an individualized consideration of the victim's suffering and the horrific nature of defendant's crimes.

### 2. *Presentencing Custody Credits*

Defendant also contends, and the People correctly concede, the trial court awarded insufficient custody credits. Defendant was arrested on May 4, 2012, and sentenced on November 19, 2013. The trial court awarded defendant 648 days of custody credit, consisting in part of 564 days of actual custody credit. However, there are 565 days between, and including, the dates on which defendant was arrested and sentenced. Accordingly, the trial court should have awarded defendant one extra day of actual custody credit, for a total of 649 days. (See *People v. Browning* (1991) 233 Cal.App.3d 1410, 1412 [the defendant is entitled to a day of actual custody credit for the day on

9

which he is sentenced].)[7] We direct the trial court to modify its November 19, 2013 order and correct defendant's abstract of judgment to reflect the proper amount of credits, 649 days.

## DISPOSITION

The judgment is affirmed as modified. The trial court is directed to modify its November 19, 2013 order and correct defendant's abstract of judgment to reflect that he was awarded 649 days of presentence custody and conduct credits. The trial court is requested to forward corrected certified copies of defendant's abstract of judgment to the Department of Corrections and Rehabilitation.

IWASAKI, J.[*]

**We concur:**

**PERLUSS, P. J.**                          **ZELON, J.**

---

[7]      Fifteen percent of 565 days is 84 days, rounding down. Eighty-four days plus 565 days is 649 days. (See § 2933.1, subd. (a); see also *People v. Ramos* (1996) 50 Cal.App.4th 810 [trial court may not round conduct credits up to a number that would fall between 15 and 16 percent of the number of days served in presentence custody].)

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.