Filed 11/4/21  P. v. Ruiz CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS RUIZ,<br><br>Defendant and Appellant. | F079808<br><br>(Super. Ct. No. 18CR-02888)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Audrey Rene Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Between January 2011 and September 2015, defendant Jesus Ruiz sexually abused his stepdaughter multiple times, commencing when she was five years old. A jury convicted defendant of sexual penetration of a child under 10 years old (three counts) and oral copulation with a child under 10 years old (one count). The trial court sentenced defendant to a total term of 60 years to life in prison. On appeal, defendant contends (1) the trial court abused its discretion in denying his motion for mistrial due to the prejudice created when his ex-wife testified that she was "underage" when their relationship began, and (2) we should remand for resentencing because the trial court failed to exercise discretion when it imposed consecutive sentences on all counts because it erroneously believed consecutive sentences were mandatory. We disagree and affirm.

## PROCEDURAL BACKGROUND

Originally charged by complaint, defendant was held to answer after his preliminary hearing on August 16, 2018. On August 31, 2018, the Merced County District Attorney filed an information charging defendant with four counts of engaging in oral copulation or sexual penetration with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b);[1] counts 1–4),[2] and committing a lewd act upon a child under 14 years old (§ 288, subd. (a); count 5). Each count also alleged that the charged crime was a violent felony within the meaning of section 667.5, subdivision (c) and a serious felony within the meaning of section 1192.7, subdivision (c).

Defendant pled not guilty to the charges.

After a six-day trial, on July 19, 2019, the jury convicted defendant of counts 1 through 4 and acquitted him of count 5.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Counts 1 and 2 involved sexual penetration, count 3 involved oral copulation, and count 4 involved both.

On August 16, 2019, the court denied probation and sentenced defendant to consecutive terms of 15 years to life on each of counts 1 through 4, for a total term of 60 years to life in prison.[3]  The court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), a stayed $10,000 parole revocation restitution fine (§ 1202.45, subd. (a)), $160 in court operations assessments (§ 1465.8, subd. (a)), and $120 in conviction assessments (Gov. Code, § 70373).[4]

Defendant timely appealed that same day.

**FACTS**

Blanca S. was pregnant with Y.S. when she met and moved in with defendant in 2005.[5]  After Y.S. was born, Blanca had two children with defendant.  In 2015, Blanca noticed Y.S.'s behavior had changed, and Blanca questioned defendant about it.  When defendant admitted he had been touching Y.S., Blanca called the sheriff's department and reported him.

Y.S. testified that defendant was her stepfather.  When she was approximately six years old and in kindergarten or first grade, he started touching her.  He used his hands to touch her vagina both inside and out.  She estimated defendant touched her like that more than 25 times, the last time when she was 9 or 10 years old.  The trial court admitted Y.S.'s 2015 interview into evidence and the prosecutor played the interview for the jury.  Y.S. was nine years old at the time of the interview.  She told the interviewer that defendant touched her private parts.  The first time it happened, she had been asleep, and someone took off her pants and touched her vagina with their hand and mouth.  When she woke up, defendant admitted that he had done it.  Defendant touched her vagina with his

---

[3]     Defendant's abstract of judgment does not reflect consecutive sentences.

[4]     The court reserved a finding on the amount of restitution.  (§ 1202.4, subd. (f).)

[5]     Although there was no testimony as to the year Blanca met defendant, later evidence showed that Y.S. was born in January 2006, and Y.S. was 13 years old at the time of the trial.

3.

hand several other times as well. The last time he did it, Blanca told him to get out of the house.

Defendant was interviewed about his sexual abuse of Y.S. in 2018. The court admitted the videotaped interview into evidence and the prosecutor played it for the jury. Defendant said he had lived with Y.S., Blanca, and their two children until approximately two years before. He left after admitting to Blanca that he had been sexually abusing Y.S. Defendant said that he touched Y.S.'s vagina approximately three times over a period of one month when she was eight or nine.

Defendant was out of work and caring for the children while Blanca was at work during the day. According to defendant, each time he touched Y.S., she was asleep in the bedroom he shared with Blanca. He touched Y.S. under her clothing and put one finger into her vagina. The second time, defendant also put his tongue into her vagina. Defendant felt sexually excited and his penis became hard each time he touched Y.S. During the interview, defendant wrote a letter to Y.S. asking her to forgive him for what happened.

The defense waived opening argument and did not present any evidence.

## DISCUSSION

I. ***The trial court did not abuse its discretion when it denied defendant's motion for mistrial.***

Defendant contends he was denied his rights to due process and a fair trial because the trial court denied his motion for mistrial after Blanca testified that she was underage when she lived with defendant. Acknowledging that the court immediately struck the testimony and admonished the jury to disregard, defendant argues that these actions were insufficient in light of the prejudicial effect of the statement. The People argue that the court's actions cured any error. We agree with the People.

4.

## A.    Background

On July 10, 2019, defendant filed a motion in limine to preclude Blanca from testifying that she was under 18 years old when she began dating him.  The court granted the motion and asked the prosecutor to advise Blanca of the ruling.  During Blanca's cross-examination, defense counsel questioned her about the various residences she shared with defendant.  While responding, Blanca said, "… I was still underage."  The court immediately instructed, "That last statement will be stricken, and the jury is not to consider it for any reason."

After Blanca and Y.S. completed their testimony, defendant moved for a mistrial based upon Blanca's reference to being underage while dating defendant.  The court denied the motion as follows:

> "Well, I did notice … [defense counsel] actually didn't even lodge an objection at that point.  But the Court decided on its own motion to strike it, considering the Court's ruling, and the Court did that as its effort to cure any possible prejudice that could possibly occur.

> "[I]t … seemed to the Court it was an isolated statement, just underage—I'm not even quite sure what [Blanca] meant or really what the statement was intended to mean unless it was just a way of her remembering where she was at particular points.  And all she said was, 'We moved because I was underage,' if I recall correctly.

> "We don't know how much underage.  She could have been 17-and-a-half, which, you know, really isn't—I mean, nowadays, it seems like it's not that uncommon.  So I just don't think that it really rises to the level or that it's so prejudicial that it requires a mistrial at this point.  They were admonished not to consider it, and I'm going to presume the jury is going to follow the Court's instructions.  So—as long as there's no further reference to that issue."

During final instructions to the jury, the court instructed, "If I ordered testimony stricken from the record, you must disregard it and must not consider that testimony for any purpose."

## B.     Law and Standard of Review

" 'A mistrial should be granted if the court is apprised of prejudice that it judges incurable by admonition or instruction.  [Citation.]  Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions.  [Citation.]'  [Citation.]  A motion for a mistrial should be granted when ' " 'a [defendant's] chances of receiving a fair trial have been irreparably damaged.' " ' "  (*People v. Collins* (2010) 49 Cal. 4th 175, 198.)  We review the trial court's denial of a motion for mistrial for abuse of discretion.  (See *id*. at pp. 198–199.)

## C.     Analysis

Defendant argues that evidence of defendant's involvement with Blanca when she was under 18 years old permitted the jury to infer that he was habitually involved in inappropriate sexual activity with minors.  We agree with the trial court that Blanca's reference to her age was ambiguous enough so as not to invite the jury to infer this was evidence that defendant was habitually involved with prepubescent girls as charged in the instant offense.

First, Blanca's reference to being underage suggested she was relatively close to being 18 years old; she testified that she was pregnant with Y.S. when her relationship with defendant began and that she had two other children thereafter.  In these circumstances, it is unlikely that the jury concluded Blanca was only six to nine years old when her relationship with defendant commenced.  Defendant's relationship with a pregnant teenager was not likely to suggest that defendant was sexually attracted to prepubescent children and thus more likely to have committed the crimes in this case.

Second, the trial court struck the testimony and admonished the jury not to consider it.  We presume the jury followed the court's instructions.  (*People v. Avila* (2006) 38 Cal.4th 491, 574 [admonishment to disregard was sufficient to minimize prejudice where witness referred to the defendant as recently being in prison;

6.

admonishment of limited purpose of use was sufficient where witness testified the defendant was crazy].)

"Moreover, it is only in the 'exceptional case' that any prejudice from an improperly volunteered statement cannot be cured by appropriate admonition to the jury. (*People v. Allen* (1978) 77 Cal.App.3d 924, 935; see *People v. Navarrete* (2010) 181 Cal.App.4th 828, 836 ['a trial court can almost always cure the prejudice of an improperly volunteered statement by granting a motion to strike and charging the jury with an appropriate curative instruction'].)" (*People v. Franklin* (2016) 248 Cal.App.4th 938, 955; see *id*. at p. 956 [finding three "vague and fleeting references" to a defendant's criminal history did not result in incurable prejudice to that defendant's chance of obtaining a fair trial].) Further, this case was not particularly close as defendant admitted his sexual misconduct to Blanca and to an officer during his videotaped confession. Additionally, Y.S. testified to the abuse, and her detailed 2015 videotaped interview was admitted into evidence as was defendant's videotaped confession. Under these circumstances, the testimony by Blanca that she was underage did not irreparably damage defendant's chances of receiving a fair trial. (See *People v. Bolden* (2002) 29 Cal.4th 515, 555.)

Defendant argues that this is one of the exceptional cases, involving prejudicial sex offenses against a very young child, citing *People v. Bentley* (1955) 131 Cal.App.2d 687, 690–691 (*Bentley*), which was overruled on other grounds in *People v. White* (1958) 50 Cal.2d 428, 430–431. Defendant's reliance on *Bentley* is misplaced. In that case, the defendant was convicted of sexually molesting a young girl. (*Bentley*, at p. 688.) During his trial, a police officer deliberately and improperly disclosed to the jury that the defendant had been a suspect in a similar case some years earlier. (*Id*. at p. 689.) The prosecution's evidence in *Bentley* was not overwhelming, and the point on which the officer improperly testified was far more prejudicial than the improper testimony was here. Unlike in this case, in *Bentley* there was no ambiguity that the defendant had

7.

previously been accused of molesting a very young girl.  We do not view *Bentley* as sufficient authority to persuade us to depart from the rule in more recent cases that a prompt admonition is sufficient to cure the problem in all but the exceptional case.

Also, the usefulness of the prejudice analysis conducted by the *Bentley* court is doubtful as it predated the statutory changes that made prior uncharged sexual offenses admissible under Evidence Code section 1108.  (See Stats. 1995, ch. 439, § 2.)  In concluding the defendant did not receive a fair trial, *Bentley* relied greatly on the harmful effect of alleged prior uncharged sexual offense evidence.  (*Bentley*, *supra*, 131 Cal.App.2d at pp. 690–691.)  In addition, the harmful testimony in *Bentley* involved an intentional effort by a law enforcement witness to place prejudicial information about the defendant before the jury.  (*Id*. at p. 690.)  In this case, the trial court noted Blanca's testimony was inadvertent and occurred during defense questioning, and the court accepted the prosecutor's description of the admonishments the witness had received prior to testifying.

Defendant's reliance on *People v. Navarrete*, *supra*, 181 Cal.App.4th 828 is similarly misplaced.  In *Navarrete*, the defendant was charged with committing a lewd act on a four-year-old child, and the trial court granted the defense motion to suppress any reference to the defendant's confession.  (*Id*. at pp. 830, 831.)  Upset with the court's ruling, one of the detectives "promised he 'was going to show' the court."  (*Id*. at p. 832.)  During the detective's testimony, he referenced the court's ruling which implicated the defendant's confession.  (*Id*. at p. 831.)  Although the trial court struck the testimony and gave a curative instruction to the jury (*id*. at pp. 831–832), the appellate court reversed, concluding it an " 'exceptional circumstance' " where a curative instruction could not adequately cure the prejudicial effect on the jury of learning that a defendant had confessed:  "A jury's belief that a defendant may have confessed eviscerates the presumption of innocence."  (*Id*. at pp. 836, 834.)  In this case, the offending testimony could not be construed as a confession.

The trial court did not abuse its discretion in denying defendant's motion for a mistrial. Blanca's unsolicited testimony regarding her age when she started dating defendant was followed by the trial court's direct and pointed admonition regarding the unresponsive testimony. We find no incurable prejudice from Blanca's testimony and, therefore, the trial court did not abuse its discretion in denying defendant's motion for mistrial.

## II. *Although the trial court believed consecutive terms were mandatory, the court clearly indicated it would impose consecutive terms even if it had discretion not to do so.*

### A. Background

At the sentencing hearing, the trial court asked for the parties' positions on whether the terms for counts 1 through 4 should be imposed consecutively or concurrently to each other. The prosecutor advised the court that she believed the counts were required to be consecutive. The court said it had not found authority requiring consecutive sentences, and the prosecutor referred the court to section 667.6.[6] The court reviewed the statute and said, "I don't think [section 288.7] is one of the qualifying defenses [*sic*] for that section." The court acknowledged that section 667.6 does not explicitly list section 288.7, but then it held that section 667.6 applied because the conduct proved at trial fell within the parameters of the offenses listed in section 667.6, subdivision (e).

Even though it found the statute mandated consecutive terms, the court also stated:

> "In the event that [section 667.6] doesn't [require consecutive terms], the Court did take a look at [California Rules of Court, rule] 4.425, and the Court does make a finding that these crimes were committed at different times, at separate occasions that occurred over the course of

---

[6] Section 667.6, subdivision (d) mandates consecutive terms for specified offenses if the crimes involve separate victims or involve the same victim on separate occasions. Subdivision (c) of section 667.6 permits a court to order consecutive terms even where they involve the same victim on the same occasion.

several years. This isn't just a single period of abhorrent[7] behavior. And the court makes that finding as well with respect to [section] 667.6, but I know the Court needs to make that finding under that code section.

"But the court also notes that because this did occur over the course of several years, [defendant] had ample time to reflect upon his actions yet he still resumed molesting the victim. She was very, very young, very vulnerable, and he took such advantage of the position of trust; that the Court does feel that consecutive sentences [are] appropriate."

## B.     Law and Standard of Review

We review a trial court's decision to impose consecutive terms for abuse of discretion. (*People v. Shaw* (2004) 122 Cal.App.4th 453, 458.)

Where "the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion"—in this case, the discretion to choose between concurrent and consecutive terms—"remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) "Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*Ibid*.; see *People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1480.) However, remand is unnecessary only when the record " 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

---

**7**     California Rules of Court, rule 4.425(a)(3) (all subsequent references to rules are to the California Rules of Court) provides for consideration of whether "[t]he crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." The trial court may have intended to use "aberrant" and not "abhorrent," given its reference to rule 4.425.

## C.    Analysis

Defendant argues that the trial court erred in imposing consecutive terms pursuant to section 667.6 because section 288.7 is not among the qualifying offenses listed in section 667.6.  While defendant is correct that section 667.6 does not apply to his case, the trial court clearly expressed that even in the absence of a mandatory requirement, it would have sentenced defendant consecutively on counts 1 through 4, nonetheless.  We conclude the court's misunderstanding of its discretion does not require remand.

Section 667.6, subdivision (d) requires the trial court to impose a consecutive term for each violation of an offense specified in section 667.6, subdivision (e) "if the crimes involve separate victims or involve the same victim on separate occasions."  (§ 667.6, subd. (d).)  If the crimes involve the same victim on the same occasion, section 667.6, subdivision (c) permits the court to run the terms consecutively in its discretion.  Section 667.6 lists the sexual offenses for which the court must impose consecutive terms, but that list does not include offenses under section 288.7, subdivision (b).

The trial court found section 667.6 applicable because defendant was charged with violating section 288.7 by oral copulation and sexual penetration in violation of section 289, which *is* listed in section 667.6.  We have previously held that where a crime not listed in section 667.6 necessarily includes a crime that is listed, then section 667.6 applies.  (*People v. Jimenez* (2000) 80 Cal.App.4th 286, 291 [applying former § 667.6, subd. (d) to violation of former § 269 where former § 667.6 specifically listed § 286 (forcible sodomy) and § 286 was necessarily included in the former § 269 violation]; *People v. Figueroa* (2008) 162 Cal.App.4th 95, 98–99 [applying § 667.6 to violation of § 269, subd. (a)(1) where § 667.6 specifically listed § 261, subd. (a)(2) (forcible rape) and § 261, subd. (a)(2) was necessarily included in the § 269 violation].)  In this case, however, *Jimenez*'s reasoning does not apply because while section 288.7, subdivision (b) incorporates the definition of sexual penetration from section 289, section 667.6 only applies to forcible sexual penetration in violation of section 289,

11.

subdivisions (a) or (g) (§ 667.6, subd. (e)(8)), neither of which was charged as part of the section 288.7, subdivision (b) offenses here. Defendant's convictions under section 288.7, therefore, did not result in a finding that he had violated section 289, subdivisions (a) or (g), making section 667.6 inapplicable to his case.

Therefore, whether to impose consecutive or concurrent terms for defendant's convictions was left to the sentencing court's discretion under section 669. (See *People v. Woodworth*, *supra*, 245 Cal.App.4th at p. 1479 ["Absent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions."]; *People v. Valdez* (2011) 193 Cal.App.4th 1515, 1524 [the absence of a contrary provision left "the decision to impose consecutive or concurrent terms to the sentencing court's discretion under section 669"].)

Here, the trial court explicitly stated it would impose consecutive terms on each of counts 1 through 4, even if it had the discretion to make the sentences concurrent. The trial court gave its reasons for imposing consecutive terms: (1) defendant committed separate crimes on different occasions; (2) this was not a single period of "abhorrent" sexual abuse of the victim; (3) the victim was very vulnerable; and (4) defendant abused a position of trust as her stepfather. The trial court clearly indicated that it would sentence defendant consecutively even if section 667.6 were not applicable. (See *People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) We find it unnecessary to remand to the trial court.

Defendant also argues that defense counsel was ineffective for failing to object to the imposition of consecutive terms based on the trial court's reliance on two improper factors: (1) that count 4 took place at a different time than one of the sexual penetration counts; and (2) that the victim was young and vulnerable, where age was an element of the offense.[8] We reject this argument.

---

[8] In his reply brief, defendant argues that the trial court improperly relied upon the victim's age when imposing consecutive sentences on counts 1 through 4. While it is not clear as to

12.

To prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficiencies resulted in prejudice." (*People v. Centeno* (2014) 60 Cal.4th 659, 674; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687–692.) "Prejudice requires 'a reasonable probability that a more favorable outcome would have resulted ..., i.e., a probability sufficient to undermine confidence in the outcome.' " (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.) An appellate court may forgo the analysis of counsel's performance if it is easier to dispose of the claim for lack of prejudice (*ibid.*), which we choose to do here.

We note that a trial court is not required to state its reasons for ordering one indeterminate term to run consecutively to another indeterminate term. (*People v. Arviso* (1988) 201 Cal.App.3d 1055, 1058 (*Arviso*), superseded by rule on other grounds as stated in *People v. Calhoun* (2007) 40 Cal.4th 398, 407, fn. 6.)[9] We note further that since the criteria found in the California Rules of Court do not specifically govern indeterminate sentencing choices (see rule 4.403), the court here could have imposed consecutive terms for virtually any reason so long as its decision was not arbitrary or

---

whether defendant intended this argument as a separate argument or an argument in support of his challenge to counsel's effectiveness, we will address it as part of the latter because we do not address claims raised for the first time in a reply brief. (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1005 ["we do not consider an argument first raised in a reply brief, absent a showing why the argument could not have been made earlier"].)

[9] Section 1170, subdivision (c), requiring the trial court to "state the reasons for its sentence choice on the record at the time of sentencing," applies only to sentences imposed pursuant to section 1170, i.e., determinate sentences. (*Arviso*, *supra*, 201 Cal.App.3d at p. 1058.) However, defendant was sentenced to indeterminate terms and the decision to impose the terms concurrently or consecutively is made pursuant to section 669, which also has no requirement that reasons be set forth for the decision. Likewise, rule 4.403 specifically states that the sentencing rules, which require a statement of reasons, apply only where the defendant is convicted of one or more felonies punishable by a determinate sentence, or an indeterminate sentence if imposed with other offenses punished by determinate terms or enhancements.

irrational. (*Arviso*, at pp. 1058–1059.) Accordingly, a trial court may impose consecutive indeterminate terms without any statement of reasons whatsoever.

"Where there is no requirement that a trial court state its reasons for the imposition of consecutive sentences, its reasons, if expressed, do not necessarily affect the validity of the sentence." (*Arviso*, *supra*, 201 Cal.App.3d at p. 1058; see *People v. Black* (2005) 35 Cal.4th 1238, 1262, fn. 17 ["No reason need be stated on the record for directing that indeterminate terms run consecutively to one another."], judg. vacated and cause remanded on other grounds in light of *Cunningham v. California* (2007) 549 U.S. 270, 276.) Even if improper reasons are given, reversal is not required unless the trial court is shown to have abused its discretion. (*Arviso*, at p. 1058.) "Where the Rules of Court permit a trial judge to rely on certain factors when imposing consecutive determinate sentences, we find no abuse of discretion where the judge relies on those factors, by analogy, in imposing consecutive indeterminate terms." (*Id.* at p. 1059.)

While not required to do so, the trial court here cited several factors in aggravation which may be considered in deciding to impose consecutive terms. (See rule 4.425(b).) Even in a determinate sentencing case, the court is not required to make multiple findings on the record, rather, "one relevant and sustainable fact may explain a series of consecutive sentences." (*People v. Scott* (1994) 9 Cal.4th 331, 350, fn. 12; accord, *People v. Davis* (1995) 10 Cal.4th 463, 552 ["Only one criterion or factor in aggravation is necessary to support a consecutive sentence."].) Since the trial court reasonably concluded that defendant, being Y.S.'s stepfather, exploited a position of trust or confidence to commit the offenses, the trial court could impose consecutive terms in its discretion based on this factor alone.

Assuming for the sake of argument the trial court erred by relying on some improper factors, remand is unnecessary because, as we have explained, the court articulated a valid factor to justify the sentence. Thus, "it is 'not reasonably probable that a more favorable sentence would have been imposed in the absence of the error.' "

14.

(*People v. Scott*, *supra*, 9 Cal.4th at p. 355.) Defendant's ineffective assistance of counsel claim fails as he has not suffered prejudice.

## **DISPOSITION**

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment, which should reflect that the 15 year-to-life terms on each of counts 1 through 4 are imposed consecutively. The court shall forward a copy of the amended abstract of judgment to the appropriate entities.


HILL, P. J.

WE CONCUR:


LEVY, J.


FRANSON, J.